IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAINSOLVERS, INC., | ) Civ. No. 09-00429 ACK-KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, AN ENTITY, | ) |
| FORM UNKNOWN; DOES 1-30, | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH SIX AND COUNT NINE OF THE FIRST AMENDED COMPLAINT AND (2) DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND ADJUDICATION OR PRELIMINARY INJUNCTION**

**PROCEDURAL BACKGROUND**

On May 20, 2009, Plaintiff Painsolvers, Inc., a professional corporation authorized to provide personal injury protection ("PIP") benefits to claimants in the state of Hawai'i, filed a complaint against Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") in the Circuit Court of the First Circuit in Hawai'i alleging that State Farm had failed to pay two claims for PIP benefits. On July 14, 2009, Defendant State Farm filed a motion to dismiss Painsolvers' complaint in state court. On September 4, 2009, Plaintiff filed a First

Amended Complaint alleging that State Farm had refused to pay over twelve (12) PIP benefit claims and added claims for trade libel or disparagement and slander, as well as an additional prayer for general, special, and punitive damages.[1]  First Am. Compl. ¶¶ 7-8, 40-47, fifth prayer for relief (hereinafter "Compl.")

On September 11, 2009, Defendant State Farm removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  On September 18, 2009, Defendant moved to dismiss Counts One through Six and Count Nine of Plaintiff's First Amended Complaint for failure to state a claim.  On November 30, 2009, Plaintiff opposed Defendant's Motion to Dismiss and filed a Counter Motion for Summary Judgment and Adjudication or Preliminary Injunction.  On January 05, 2010, Defendant filed a memorandum combining its reply in support of its motion to dismiss and its opposition to Plaintiff's counter motion for summary judgment and adjudication or preliminary injunction.  On January 11, 2010, Plaintiff filed its reply memorandum in support of its counter motion for summary judgment and adjudication or preliminary injunction.

_____

[1] The hearing on Defendant's motion to dismiss in state court was scheduled for September 15, 2009.  Because the case was removed to this Court on September 11, 2009, the motion to dismiss in state court was not decided.  See Notice of Removal Ex. F.

### FACTUAL BACKGROUND[2/]

At relevant times, Plaintiff, Painsolvers, Inc., was a professional corporation authorized to provide personal injury protection ("PIP") benefits to claimants covered by motor vehicle insurance policies in the State of Hawai'i. Compl. ¶ 1. Defendant, State Farm Mutual Automobile Insurance Company, is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois, and is authorized to transact business in Hawai'i. Compl. ¶ 2; Notice of Removal ¶ 1. Plaintiff Painsolvers, Inc., alleges it submitted over twelve (12) PIP claims on forms approved by an agency of the United States government (CMS-1500, Health Insurance Claim Form) to Defendant State Farm.[3/] Compl. ¶¶ 7-8. Plaintiff alleges that State Farm has not paid these claims and continues to refuse payment on these claims. Id. Plaintiff alleges that the claims, interest, costs, and attorney's fees exceed $10,000.00. Compl. ¶ 8. For at least two of the claims, State Farm alleges that it properly requested

---

[2/] The facts as recited in this Order are for the purpose of disposing of this motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

[3/] The CMS-1500 is a Health Insurance Claim Form approved by the National Uniform Claim Committee and the Office of Management and Budget. See Notice of Removal Ex. A (Ex. A is Plaintiff's original complaint in state court and a claim form is attached as Exhibit B.1 to that complaint.)

additional information from Plaintiff in order to process the claims and that Plaintiff has not provided the requested information.  Mot. to Dismiss at 2.  Plaintiff alleges that "Defendants are ignoring information on the claim forms and attachments which is sufficient to pay the claims."  Compl. ¶ 12. Plaintiff's First Amended Complaint is divided into three "Claims:"  (1) "First Claim - For Payment of Claims, Interest, Costs and Attorney's Fees" (Compl. at 3); (2) "Second Claim - Trade Libel or Disparagement" (Compl. at 7) and; (3) "Third Claim - Slander" (Compl. at 8.)  Within the "First Claim," Plaintiff lists nine "counts."  Defendant moves to dismiss only counts one through six and count nine of the "First Claim."

**STANDARD**

I.  **Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Courts may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."

United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
Documents whose contents are alleged in a complaint and whose
authenticity are not questioned by any party may also be
considered in ruling on a Rule 12(b)(6) motion to dismiss.  See
Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations
of material fact are taken as true and construed in the light
most favorable to the nonmoving party.  Fed'n of African Am.
Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.
1996).  However, conclusory allegations of law, unwarranted
deductions of fact, and unreasonable inferences are insufficient
to defeat a motion to dismiss.  See Sprewell, 266 F.3d at 988;
Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of
Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000); In re Syntex
Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Moreover,
the court need not accept as true allegations that contradict
matters properly subject to judicial notice or allegations
contradicting the exhibits attached to the complaint.  Sprewell,
266 F.3d at 988.

As the Ninth Circuit has stated, "[t]he issue is not
whether a plaintiff's success on the merits is likely but rather
whether the claimant is entitled to proceed beyond the threshold
in attempting to establish his claims."  De La Cruz v. Tormey,
582 F.2d 45, 48 (9th Cir.), cert. denied, 441 U.S. 965 (1979).

The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. <u>Id.</u>

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1964 (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." <u>Id.</u> at 1973.

## II.  Motion for Summary Judgment

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Summary judgment is therefore appropriate if the "pleadings, the

6

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case.  A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)) (citation omitted).[4/]  Conversely, where the evidence could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Miller v. Glenn Miller Prod., Inc., 454 F.3d 975, 987 (9th Cir. 2006)  The moving party may do so with affirmative evidence or by "'showing'—that is pointing out to the district court—that there is an absence of evidence to support

---

[4/] Disputes as to immaterial issues of fact do "not preclude summary judgment."  Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986).

the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325.[5/]  Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  <u>See id.</u> at 323; <u>Matsushita Elec.</u>, 475 U.S. at 586; <u>Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987).[6/]  The nonmoving party must instead set forth "significant probative evidence" in support of its position.  <u>T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).  Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.  <u>See Celotex</u>, 477 U.S. at 322.

　　When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn

---

[5/] When the moving party bears the burden of proof at trial, that party must satisfy its burden with respect to the motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were to go uncontroverted at trial.  <u>Miller</u>, 454 F.3d at 987.  When the nonmoving party bears the burden of proof at trial, the party moving for summary judgment may satisfy its burden with respect to the motion for summary judgment by pointing out to the court an absence of evidence from the nonmoving party.  <u>Id.</u>

[6/] Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.  <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002); <u>see also T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).

therefrom in the light most favorable to the nonmoving party.
See T.W. Elec. Serv., 809 F.2d at 630–31.[7]  Accordingly, if
"reasonable minds could differ as to the import of the evidence,"
summary judgment will be denied.  Anderson, 477 U.S. at 250–51.

**III. Preliminary Injunction**

A plaintiff seeking a preliminary injunction must
establish that he is likely to succeed on the merits, that he is
likely to suffer irreparable harm in the absence of preliminary
relief, that the balance of equities tips in his favor, and that
an injunction is in the public interest. Am. Trucking Ass'ns v.
City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting
Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, ----,
129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)) (explaining that,
"[t]o the extent that [the Ninth Circuit's] cases have suggested
a lesser standard, they are no longer controlling, or even
viable" (footnote omitted)); see also Stormans, Inc. v. Selecky,
571 F.3d 960, 978 (9th Cir. 2009) (noting that this is the
"proper legal standard for preliminary injunctive relief"));
Winter, 129 S.Ct. at 374-76 (holding that, even where a
likelihood of success on the merits is established, a mere
"possibility" of irreparable injury is insufficient to warrant

---

[7] At the summary judgment stage, the court may not make
credibility assessments or weigh conflicting evidence.  Anderson,
477 U.S. at 249; Bator v. Hawaii, 39 F.3d 1021, 1026 (9th Cir.
1994).

preliminary injunctive relief, because "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").[8]

## DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

I.   **Defendant's Motion to Dismiss Counts One Through Four of the First Amended Complaint Is Denied**

Defendant moves to dismiss counts one through six and count nine of the First Amended Complaint on the grounds that the "subject counts do not confer a private right of action in favor of Plaintiff and/or seek remedies not permitted under Hawaii law."  Mot. to Dismiss at 1.  Under the liberal pleading standard

---

[8]/The Court notes that there is an unpublished Ninth Circuit case where the panel did apply the "serious questions" component of the alternative "sliding scale" standard based on a reference to Justice Ginsburg's dissenting opinion in Winter. Greater Yellowstone Coalition v. Timchak, No. 08-36018, 2009 U.S.App. LEXIS 7820, at *4-*5 & n. 1, 2009 WL 971474 (9th Cir. Apr. 10, 2009) (unpublished opinion) (concluding that, although the district court did not abuse its discretion in finding that the plaintiffs were not likely to succeed on the merits, the plaintiffs had raised very " 'serious questions' " going to the merits (quoting Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1121 (9th Cir. 2005))). However, that standard would appear to be contrary to one that Ninth Circuit articulated in its published opinion in American Trucking, 559 F.3d at 1052, which was issued before Greater Yellowstone Coalition, and its published opinion in Stormans, 571 F.3d at 978, which was handed down after.

of the Federal Rules of Civil Procedure, Defendant's motion is denied in part and granted in part.  Fed. R. Civ. P. 8(e) provides that "[p]leadings must be construed so as to do justice."  Each of the counts that Defendant seeks to dismiss is part of what Plaintiff has titled "First Claim - For Payment of Claims, Interest, Costs and Attorney's Fees."  Compl. at 3. Considered together, Counts One through Four of Plaintiff's "First Claim" state a claim for relief that is authorized under Hawai'i Revised Statutes § 431:10C-304 (hereinafter "H.R.S.")

> **A.   Counts One Through Four Are All Part of Plaintiff's First Claim and Are All Part of a Single Cause of Action**

Counts One through Four are best understood as Plaintiff laying out the factual predicate of his claim for the payment of the twelve or more claims that Plaintiff alleges it submitted to State Farm, interest on those claims, costs, and attorney's fees under H.R.S. § 431:10C-304, and not as individual, distinct claims for relief.  Black's Law Dictionary defines "count" as "[i]n pleading, to declare or state; to narrate the facts that state a claim."  Black's Law Dictionary 402 (8th Ed. 2009). Counts One through Four appear to establish the dispute and the recovery Plaintiff alleges it is entitled to by alleging various ways that the Defendant has violated the statue.  Count One alleges that "Defendants violated the 30-day requirement in HRS § 431:10C-304."  Such an allegation is

necessary to support Plaintiff's claim for interest under H.R.S. § 431:10C-304(4).   Contrary to Defendant's argument (Mot. to Dismiss at 7-8), the Court does not read this allegation as an individual claim to order Defendant to pay a disputed claim regardless of the merits of the claim.[9]   Similarly, Counts Two through Four all allege other violations of the H.R.S. § 431:10C-304 that Plaintiff alleges entitle him to relief, and which, as discussed below, if true, state a plausible claim for relief.

The Court's reading of these counts as subcounts of one claim for the payment of claims, interest, costs, and attorney's fees is also supported by Defendant's arguments in its Notice of Removal.   There, Defendant noted that Plaintiff's original complaint "involved 2 claims for personal injury protection benefits totaling less than $1,000.00," even though Plaintiff's original complaint included five "counts."   Notice of Removal ¶ 3.   Thus, Defendant understood that those five counts related to a claim for personal injury protection benefits and not five different claims for recovery.

---

[9]   Indeed, the Court notes that under the applicable caselaw, the Defendant retains the right to dispute the substantive merits of a claim and cannot be ordered to pay a claim simply because the statutory time limits were exceeded.  See TIG Ins. Co. v. Kauhane, 101 Hawai'i 311, 328-29, 67 P.3d 810, 827-28 (App. 2003) (holding that the insurance commissioner had exceeded its authority by ordering an insurer to pay a claim without determining the substantive merits of that claim and remanding the case for further proceedings on the substantive merits of the claim).

B.    **A Private Right of Action, Which a Court of Competent Jurisdiction May Hear, Exists Under Haw. Rev. Stat. § 431:10C-304**

Defendant argues in the heading to Section C of its brief that "Plaintiff has no private right of action for alleged violations of Haw. Rev. Stat. § 431:10C-304." Mot. to Dismiss at 8. The Court rejects this argument as the statutory language, administrative scheme, precedent, and even Defendant's own admissions all establish that Plaintiff has a right to be heard in court regarding disputes over PIP benefits. Defendant does not even purport to argue as broadly as the heading in its brief suggests. Defendant admits that Plaintiff has a legally cognizable right pursuant to H.R.S. §§ 431:10C-304(6) and 431:10C-308.5(e). <u>See</u> Mot. to Dismiss at 5 n.1.[10/] Defendant

---

[10/] Defendant admits "In Counts Seven and Eight of the FAC, Painsolvers contends that it properly billed State Farm for services under 'certain procedural codes,' or CPTs promulgated by the American Medical Association. Although State Farm denies these allegations and reserves the right to move for summary judgment on this issue in the future, Painsolver's [sic] claim, as pled is legally cognizable by a court of competent jurisdiction pursuant to Haw. Rev. Stat. § 431:10C-308.5(e)." Mot. to Dismiss at 5 n.1. H.R.S. § 431:10C-308.5(e) requires that in the event of a dispute,
> the insurer shall:
>    (1)Pay all undisputed charges within thirty days after the insurer has received reasonable proof of the fact and amount of benefits accrued and demand for payment thereof; and
>    (2) negotiate in good faith with the provider on the disputed charges for a period up to sixty days after the insurer has received reasonable proof of the fact and amount of benefits accrued and demand for payment thereof.

(continued...)

also admits that "[t]he Hawaii Legislature has provided claimants, providers and insurers with multiple mechanisms for resolving disputes over PIP benefits." See Mot. to Dismiss at 14 (citing Moss v. Am. Intern. Adjustment Co., Inc., 86 Haw. 59, 947 P.2d 371 (1997)). This Court has also previously noted that, "Hawai'i law provides that a dispute over a denial of PIP benefits may be brought in at least three forums: in an administrative hearing before the Commissioner pursuant to H.R.S. § 431:10C-212; by seeking resolution before an arbitrator pursuant to H.R.S. § 431:10C-213; or by filing a civil suit pursuant to H.R.S. § 431:10C-314." State Farm v. Indus. Pharm. Mgmt., No. 09-00176, 2009 WL 2448474 at *9 (D. Hawaii, Aug. 11, 2009) (footnote omitted.) This Court also explained:

[a]lthough the administrative hearing option is

---

[10]/(...continued)
H.R.S. § 431:10C-308.5(e). Defendant asserts that Plaintiff has failed to negotiate.
    Defendant further admits:
    [t]he statute [H.R.S. § 431:10C-308.5(e)] specifies a
    detailed procedure for the resolution of disputes
    between an insurer and provider over the amount of a
    charge or the correct fee or procedure code to be used.
    In the event the dispute cannot be resolved through
    negotiation, the provider, insurer, or claimant may
    submit the dispute to the Insurance Commissioner, to
    arbitration or to a court of competent jurisdiction.
    Indeed, in Counts Seven and Eight of the FAC, Plaintiff
    appears to have done exactly that.
Id. at 11. A discussion of H.R.S. § 431:10C-308.5, and its
applicability to this case is included infra Section E. The
Court notes, however, that it expresses no opinion on Defendant's
interpretation of Counts Seven and Eight, and the Court is not
adopting Defendant's interpretation.

> explicitly limited to situations where benefits have
> been denied, the arbitration and civil suit options are
> available in any dispute over a motor vehicle insurance
> policy.   See H.R.S. § 431:10C-212(a) (limiting review
> by the Commissioner over disputes involving the "denial
> of benefits"); H.R.S. § 431:10C-213 (providing for the
> arbitration option in "any dispute relating to a motor
> vehicle insurance policy"); H.R.S. § 431:10C-314
> (providing for the option to file a civil suit "for
> breach of any contractual obligation" under a motor
> vehicle insurance policy).

Id. at n.15.

Thus, Plaintiff has a private right of action to seek the payment of claims, interest, costs, and attorney's fees in a court of competent jurisdiction.  Because Counts Two through Four form a part of the "First Claim," which seeks payment of claims, interest, costs and attorney's fees, and because Plaintiff admits "there is no prayer in this case for civil penalties, nor is there a private cause of action asserted for any penalties," the Court rejects Defendant's argument that "[t]he claims in Counts Two through Four of the FAC appear to be for civil penalties for violation of Section 304, as provided under Haw. Rev. Stat. § 431:10C-304(7) ('Any insurer who violates this section shall be subject to section 431:10C-117(b) and (c).')"[11]

---

[11] However, the Court rules that, to the extent that paragraph four in the prayer for relief in the First Amended complaint seeks "all penalties provided by HRS § 431:10C-304(7)" (Compl. at 9), and section  431:10C-304(7) refers to section 431:10C-117(b) and (c), which provide for civil penalties, Defendant's Motion to Dismiss is granted with respect to Plaintiff's request for civil penalties under H.R.S. § 431:10C-304(7).

Here, Plaintiff asserts a claim under the part of the statute that provides:

> [a]mounts of benefits which are unpaid thirty days after the insurer has received reasonable proof of the fact and the amount of benefits accrued, and demand for payment thereof, after the expiration of the thirty days, and shall bear interest at the rate of one and one-half per cent per month.

H.R.S. § 431:10C-304(6).  Thus, if Plaintiff has provided reasonable proof of the fact and amount of benefits accrued, and those benefits have not been paid within 30 days, then it has a claim for both the benefits and interest, and, as discussed above, it may seek to resolve the dispute over those claims in court.

### C.   Plaintiff States a Claim For A Private Right of Action Under Haw. Rev. Stat. § 431:10C-304 for the Payment of Claims

Hawai'i Revised Statutes § 431:10C-304 obligates insurers to pay personal injury protection benefits and the legislative history of this section, "evinces a clear legislative intent that insurers investigate and act on claims promptly." See TIG Ins. Co. v. Kauhane, 101 Hawai'i 311, 325, 67 P.3d 810, 824 (App. 2003). The title of Section 431:10C-304 is "Obligation to pay personal injury protection benefits."  H.R.S. § 431:10C-304.  Subsection one provides that "in the case of injury arising out of a motor vehicle accident, the insurer shall pay, without regard to fault, to the provider of services on behalf of the following persons who sustain accidental harm . . . an amount

equal to the personal injury protection benefits as defined in
section 431:10C-103.5(a)...."  H.R.S. §431:10C-304(1).
Subsection three further establishes the mandatory requirement
that "payment of personal injury protection benefits **shall** be
made within thirty days after the insurer has received reasonable
proof of the fact and amount of benefits accrued."  H.R.S.
§ 431:10C-304(3)(A)(emphasis added).

 Therefore, in order to determine whether Plaintiff
states a claim, the Court must examine the requirement for
"reasonable proof," and determine whether Plaintiff has plead
facts showing that it is plausible that Plaintiff has submitted
reasonable proof to Defendant, thus triggering the statute.
"Reasonable proof" is not defined in Hawai'i Revised Statutes.
In TIG v. Kauhane, which both parties discuss, the Court noted:

> Applying the foregoing principles of statutory
> construction to HRS § 431:10C-304(3), it is initially
> obvious, as the differing interpretations of the
> statute by TIG and the Insurance Commissioner confirm,
> that the language of the statute is not plain and
> unambiguous. Specifically, it is unclear from the face
> of the statute: (1) what constitutes "reasonable proof
> of the fact and amount of [no-fault] benefits accrued"
> for purposes of triggering the insurer's obligation
> under HRS § 431: 10C-304(3)(A) to pay no-fault benefits
> within thirty days after receiving such proof; and (2)
> what "additional information or loss documentation" an
> insurer can require a claimant to submit under HRS §
> 431:10C-304(3)(C).

TIG v. Kauhane, 101 Hawai'i at 325, 67 P.3d at 824.  The court in
TIG further noted, during its examination of the legislative
history:

It appears from the record on appeal that the Insurance
Commissioner has been determining what constitutes
"reasonable proof of the fact and amount of [no-fault]
benefits accrued" on a case-by-case basis pursuant to
the adjudicatory process set forth in the Hawaii
Administrative Procedures Act, HRS chapter 91.
Furthermore, different Insurance Commissioners have not
interpreted the requirements of HRS § 431:10C-304(3)(C)
in the same way, thus leading to confusion among
insurance companies as to what their obligations are
under the statute. We strongly urge the Insurance
Commissioner to adopt rules to flesh out the fuzzy
contours of the Insurance Code, HRS chapter 431, so
that confusion does not reign as to what the
requirements of the law are.

Id. at 325 n.16, 824 n. 16.

Although the Insurance Commissioner still has not

adopted any rules effectuating H.R.S. § 431:10C-304 or defining

reasonable proof, recent decisions of the Hawai'i Supreme Court

and the Hawai'i Intermediate Court of Appeals, establish the

standard for reasonable proof.  In Jou v. Schmidt, 117 Hawai'i

477, 184 P.3d 792 (App. 2008), the court rejected the insurer's

argument that "because it never received 'reasonable proof from

[provider], the thirty-day deadline for payment or denial never

began running and interest never began accruing." Jou v.

Schmidt, 117 Hawai'i 477, 488, 184 P.3d 792, 803 (App. 2008).

The Court held:

The Hawai'i Supreme Court articulated the "reasonable
proof" required under HRS § 431:10C-304 to trigger
either payment or denial of a claim as follows:
In other words, an insurer shall pay no-fault
benefits within thirty days of receipt of a
provider's billing statement showing "the
fact," i.e., the treatment services, and "the
amount of benefits," i.e., the charges or

18

> costs of treatment services.
> Orthopedic Assoc., 109 Hawai'i at 195, 124 P.3d at 940
> (emphasis added).

Id. at 489, 804.  Thus, the court in Jou v. Schmidt held that "in

the first instance, Jou was required to submit nothing more than

his billing statement showing the treatment services he

performed, and the charges or costs of those services. Jou did

so."  Id.  The court in Jou also specifically noted that

"[a]lthough Jou's original invoices were not in the record before

the agency, [the insurer did] not deny receiving the invoices,

which it ultimately paid in full, or allege that Jou failed to

submit bills showing the treatment and charges."  Id. n. 13.

Here, Plaintiff alleges that it filed timely PIP claims

with Defendant on forms approved by an agency of the United

States government (CMS-1500, Health Insurance Claim Form

(formerly HICFA 1500 forms)).  Compl. ¶ 7.  Two examples of the

claim forms Plaintiff alleges it submitted are attached to the

original complaint as Exhibits B.1 and B.2 filed in state court,

which is included in the Removal Motion.  These claim forms

appear to show the treatment services as expressed by a Current

Procedures Terminology Code and the charges.  See, e.g., Notice

of Removal Ex. A (containing Complaint Exhibit B.1 (including a

code 99244 in the Procedures, Services, or Supplies column and a

charge of $200.00.))  In addition, Plaintiff has plead that "the

complete narrative of procedures [] are incorporated into each

government-approved claim form by the numerical codes placed onto those forms by Provider.  These code are the Current Procedural Terminology, promulgated by the American Medical Association." Compl. ¶ 12.  Furthermore, Defendant does not appear to dispute that it received bills from Plaintiff showing services rendered and the amounts claimed for at least two of the over twelve claims that Plaintiff alleges it did not pay.  See Mot. to Dismiss at 2.  Defendant admits "On or about March 19, 2009, Defendant State Farm received two claims from Plaintiff related to services and medications allegedly provided to one of the Company's insureds on March 7, 2009."  Id.  Defendant also admits that its claims adjuster wrote to Plaintiff requesting additional information regarding the claims and "asked for the following information: Your bill is for an office consultation (99244)" thus admitting that it had received a bill from Plaintiff for services allegedly rendered.  Id.

Although Defendant argues that it requested additional information that Plaintiff did not provide, under the standard set forth in Jou, taking all allegations of material fact as true and construing them in the light most favorable to the moving party, Plaintiff states a plausible claim that it has submitted reasonable proof to Defendant State Farm (in the form of the CMS-1500 forms) and that Defendant has not either paid or denied Plaintiff's claim for PIP benefits within thirty days as required

by H.R.S. § 431:10C-304(3)(A).  The court in Jou, noted that

> In TIG Ins., we rejected the insurer's argument that
> its requests for additional information from providers
> tolled the thirty-day deadline in which it had to make
> payments or issue a denial. Instead, we held 'Nowhere
> in HRS § 431:10C-304(3) is there any language
> authorizing an insurer to continue to request
> additional information or loss documentation from a
> claimant or claimant's medical providers more than
> thirty days after the insurer has received a claim for
> no-fault benefits and a demand for payment.

Jou v. Schmidt, 117 Hawai'i 477 at 489, 184 P.3d at 804.[12/]  The

Jou court also expressed skepticism regarding whether the

insurer's request for "all applicable office notes and or

documentation regarding the services rendered on the attached

billing" and its request for the specific identity of the person

who performed services and speciality of the provider count as

"itemized lists" but did not rule on that issue.

> **D.  Plaintiff Also Has a Private Right of Action and
> States a Claim Under Haw. Rev. Stat. § 431:10C-304
> for Interest, Costs, and Attorney's Fees**
>
> 1.  Attorney's Fees and Costs

Plaintiff's claim for attorney's fees and costs is also

plausible on its face.  See Bell Atl. Corp. v. Twombly, 127 S.

Ct. 1955, 1973 (2007).  There are two provisions under Hawai'i

---

[12/] The Court notes that in TIG, the insurer continued to
request information even after its initial requests for medical
records and history had been fulfilled.  See TIG v. Kauhane, 101
Hawai'i at 326, 67 P.3d at 825.  The Court does not, at this
time, consider or express any opinion on the requests for
information that are allegedly contained in Exhibits A.1-A.28
attached to Plaintiff's  Separate Concise Statement.

insurance law that address awarding of attorney's fees to parties who bring actions against insurers to resolve disputes over PIP benefits.  See H.R.S. §431:10C-304(5); H.R.S. § 431:10C-211(a). Because Plaintiff has made out plausible claim that it has submitted reasonable proof to State Farm and State Farm has not either paid or denied Plaintiff's claim for PIP benefits within thirty days as required by H.R.S. § 431:10C-304(3)(A), Plaintiff has a plausible claim to attorney's fees and costs under either statute.  H.R.S. § 431:10C-304(5) provides that "the insurer shall pay, subject to section 431:10C-211, in addition to the personal injury protection benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract."  H.R.S. §431:10C-304(5).  As this Court has previously noted, "[u]nder this provision, 'an award of attorney's fees and costs is mandatory if a claimant prevails in a settlement or suit for no fault [(PIP)] benefits.'" State Farm Mut. Auto. Ins. Co. v. Indus. Pharm. Mgmt., LLC, No. 09-00176, 2009 WL 2448474, at *5-6 (D. Hawai`i, Aug. 11, 2009) (Kay, J.) (citing Iaea v. TIG Ins. Co., 104 Hawai`i 375, 379, 90 P.3d 267, 271 (App. 2004)) (alteration in original).  The second statute, which is discretionary, provides:

> A person making a claim for personal injury protection
> benefits may be allowed an award of a reasonable sum
> for attorney's fees, and reasonable costs of suit in an
> action brought by or against an insurer who denies all

> or part of a claim for benefits under the policy,
> unless the court upon judicial proceeding or the
> commissioner upon administrative proceeding determines
> that the claim was unreasonable, fraudulent, excessive,
> or frivolous. Reasonable attorney's fees, based upon
> actual time expended, shall be treated separately from
> the claim and be paid directly by the insurer to the
> attorney.

H.R.S. § 431:10C-211(a).

> 2.   <u>Interest</u>

Plaintiff also states a plausible claim for interest

payments under H.R.S. § 431:10C-304(4), which provides

> Amount of benefits which are unpaid thirty days after
> the insurer has received reasonable proof of the fact
> and the amount of benefits accrued, and demand for
> payment thereof, after the expiration of the thirty
> days, shall bear interest at the rate of one and one-
> half per cent per month.

Because Plaintiff has a plausible claim that it submitted

reasonable proof and it has not been paid within thirty days, it

has a plausible claim to interest under H.R.S. § 431:10C-

304(4).[13]

---

[13] In <u>Jou v. Schmidt</u>, the Court rejected the insurer's
argument that H.R.S. § 431:10C-304(4) does not apply to "billing
disputes" and held that interest provision applied even to the
amount in dispute where an insurer has made only a partial
payment:

> Although HRS § 431:10C-308.5(e) contains no express
> interest provision, there is nothing in HRS §
> 431:10C-308.5 that relieves an insurer from paying
> interest on all payments made more than thirty days
> after "reasonable proof" of the fact and amount of
> benefits accrued. HRS § 431:10C-308.5(e) does not
> negate, during the pendency of billing disputes, the
> accrual of interest pursuant to HRS § 431:10C-304(4).

<u>Jou v. Schmidt</u>, 117 Hawai'i at 488, 184 P.3d at 803.

**E.   Defendant's Motion to Dismiss Count Five Is Granted**

Defendant's motion to dismiss count five is granted. Plaintiff has not plead any claims under H.R.S. § 431:10C-308.5, nor has Plaintiff provided any legal basis for its request to be excused from further requirements to negotiate with Defendant on future claims.

H.R.S. § 431:10C-308.5, which is referred to in H.R.S. § 431:10C-304(6), provides:

> (e) In the event of a dispute between the provider and the insurer over the amount of a charge or the correct fee or procedure code to be used under the workers' compensation supplemental medical fee schedule, the insurer shall:
>
> > (1) Pay all undisputed charges within thirty days after the insurer has received reasonable proof of the fact and amount of benefits accrued and demand for payment thereof; and
> >
> > (2) Negotiate in good faith with the provider on the disputed charges for a period up to sixty days after the insurer has received reasonable proof of the fact and amount of benefits accrued and demand for payment thereof.
>
> If the provider and the insurer are unable to resolve the dispute after a period of sixty days pursuant to paragraph (2), the provider, insurer, or claimant may submit the dispute to the commissioner, arbitration, or court of competent jurisdiction. The parties shall include documentation of the efforts of the insurer and the provider to reach a negotiated resolution of the dispute. This section shall not be subject to the requirements of section 431:10C-304(3) with respect to all disputes about the amount of a charge or the correct fee and procedure code to be used under the workers' compensation supplemental medical fee

24

schedule. An insurer who disputes the amount of a
charge or the correct fee or procedure code under this
section shall not be deemed to have denied a claim for
benefits under section 431:10C-304(3); provided that
the insurer shall pay what the insurer believes is the
amount owed and shall furnish a written explanation of
any adjustments to the provider and to the claimant at
no charge, if requested. The provider, claimant, or
insurer may submit any dispute involving the amount of
a charge or the correct fee or procedure code to the
commissioner, to arbitration, or to a court of
competent jurisdiction.

H.R.S. § 431:10C-308.5.

H.R.S. § 431:10C-308.5(e) applies in billing disputes

with providers, i.e. situations in which there has been partial

payment.  The legislative history of H.R.S. § 431:10C-308.5(e) is

clear that it is intended to apply to those situations involving

partial payment.  Specifically, in revising H.R.S. § 431:10C-

308.5, the legislature noted:

section 431:10C-308.5, Hawaii Revised Statutes, limits
the charges for and frequency of medical treatment
covered by personal injury protection (PIP) benefits.
In accordance with this limitation on charges, the
motor vehicle insurer has an obligation to limit
payment of the insured's benefits for treatment.
    The legislature finds that, as a result of the
Hawaii Supreme Court's ruling in <u>Orthopedic Associates
of Hawaii, Inc. v. Hawaiian Insurance & Guaranty Co.</u>,
Ltd., No. 24634, slip. op. (Dec. 7, 2005), insurers
have implemented a process of issuing denials of
benefits on all payments that are less than the amount
billed. Some of the larger insurers are issuing several
thousand denials each month. Copies of these denials
are given to both the provider and the insured. This
has prompted many calls from insureds who do not
understand the process and are concerned that the
insurer might be denying them access to medical
treatment.
    This Act is intended to clarify the process to be
followed in any billing adjustment or dispute where an

25

insurer receives and does not dispute the treatment
rendered but finds the billing to exceed the
permissible charges. This Act is not intended to affect
the merits of the amount billed or the amount owed
under PIP. Specifically, this Act clarifies that any
adjustments to payment of the amount billed is an
acceptance of the treatment and not a denial of
benefit. Therefore, section 431:10C-304(3), which
requires a written denial of benefit, is not applicable
to an adjustment to the amount payable under PIP
benefits. Rather than issue a denial, this Act
clarifies that the insurer's obligation is to "pay all
undisputed charges" and "negotiate in good faith with
the provider on the disputed charges."

2006 Haw. Sess. Laws no. 3072.  <u>Orthopedic Ass. of Hawaii, Inc.</u>

<u>v. Hawaii Ins. & Guaranty Co. Ltd.</u> was a Hawai'i Supreme Court

case that involved thousands of claims in which insurers paid

benefits but "down coded" the claims and paid less than the

amount that was billed.  <u>Orthopedic Ass. of Hawaii, Inc. v.</u>

<u>Hawaii Ins. & Guaranty Co. Ltd.</u>, 109 Hawai'i 185, 191, 124 P.3d

931, 936 (2005).  As explained by the Hawai'i Supreme Court,

insurers:

rather than pay the bills as submitted, or deny the
claim (in whole or in part), altered the treatment code
because they believed that, "[b]ased on the available
information, the services rendered appear to be best
described by [a different medical treatment] code." The
resulting effect of changing the treatment codes was a
reduction in the payment for the service rendered,
which the parties generally refer to as "down-coding."
The insurers, thus, (1) paid the bills pursuant to the
adjusted treatment codes and (2) offered to negotiate
with the providers as to the unpaid portions.

<u>Orthopedic Ass.</u>, 109 Hawai'i at 191, 124 P.3d at 936 (footnotes

omitted).  Because Plaintiff has not acknowledged that it

received any partial payment from Defendant State Farm, it has

26

not plead a claim under H.R.S. § 431:10C-308.5(e).[14/]

### F.   Defendant's Motion to Dismiss Counts Six and Nine of the First Amended Complaint Is Granted

Subcounts Six and Nine request a "decree that the disputed amounts shall not be paid to anyone but Plaintiff pending conclusion of this matter" and an injunction to "prevent dissipation of the amounts claimed due, plus interest and attorney fees."  Compl. ¶¶ 26, 39.  As discussed in greater detail in Section Three of this Order, Plaintiff has not provided any basis upon which this Court can order Defendant to abstain from its statutory obligations under H.R.S. § 431:10C-304 to pay PIP benefits as it receives valid claims or limit the amount of PIP benefits available for valid claims, nor has Plaintiff established a likelihood of irreparable harm.

## II.   Plaintiff's Motion for Summary Judgment and Adjudication Is Denied

Plaintiff's perfunctory three-page argument in support of its motion for summary judgment and its improper separate concise statement do not establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).[15/]

---

[14/]The Court also observes that Defendant has not asserted that it made any partial payment.

[15/] The Court notes that Plaintiff does not specify on what grounds it seeks summary judgment.  Based upon the argument, the Court construes Plaintiff to be moving for summary judgment only
(continued...)

Plaintiff's Motion for Summary Judgment violates Local Rule 56.1, which provides:

> [w]hen preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition or other document that supports the party's interpretation of the material fact.

Plaintiff's Concise Statement does not contain references or citation to particular affidavits, depositions or other documents and it does not reference only material facts but rather also includes speculation and argument.  To support a number of its purportedly undisputed material facts, Plaintiff only broadly references the exhibits attached to its Concise Statement in their entirety, which do not establish the undisputed material facts that Plaintiff is required to establish, even assuming those exhibits are properly authenticated (and Defendant argues they are not[16/]).  Exhibits A.1-A.28 purport to be copies of

---

[15/](...continued)
on Counts One through Four within the First Claim.

[16/] The Court also notes that Plaintiff has submitted a Declaration of Gurpal Shandu, M.D. (the President of Painsolvers, Inc.) along with its Reply To Defendant State Farm Mutual Automobile Insurance Company's Memorandum In Opposition to Plaintiff's Counter Motion for Summary Judgment and Adjudication or Preliminary Injunction, in an apparent attempt to authenticate Exhibits A.1-A.28 and provide other evidence in support of Plaintiff's motion for summary judgment and adjudication.  This declaration is contrary to Local Rule 56.1(h) which requires that "Affidavits or declarations setting for facts and/or

(continued...)

letters sent by Defendant to Plaintiff.  However, even if the

Court were to consider the exhibits, they are inadequate to

support Plaintiff's motion for summary judgment.  They do not

establish the amount of each claim, the date of Plaintiff's

claims, the format of Plaintiff's claims, how many claims are

involved in this lawsuit, whether Plaintiff provided any of the

requested information, or even whether subsequent to the dates of

the letters submitted, Defendant ever paid these claims either in

part or in full.  Without copies of the bills, the Court cannot

rule Plaintiff has met its initial burden to show the treatment

services and the amount of the charges.  See Jou v. Schmidt, 117

Hawai'i 477, 489, 184 P.3d 792, 804 (App. 2008).  The Court also

notes that some of the exhibits appear to be incomplete copies.

For example, Exhibits A.2 and A.3 do not include a signature line

and A.4 references an enclosure that is not included.  Thus,

Plaintiff has failed to carry its burden of persuading the Court

there is an absence of genuine issue of material fact.  See

---

16/(...continued)
authenticating exhibits as well as exhibits themselves, shall
only be attached to the concise statement.  Supplemental
affidavits and declarations may only be submitted with leave of
court."  LR 56.1(h).  Plaintiff has not sought leave of the Court
to submit any additional declaration and the Court will not
consider any facts or evidence set forth in Dr. Gurpal's
declaration as it would be prejudicial to Defendant who has not
had any opportunity to respond to Dr. Gurpal's declaration or
controvert any statements of material fact it may purport to
make.  Even were the Court to consider this declaration,
Plaintiff would still not meet it burden or production.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);   Miller v. Glenn Miller Prod., Inc., 454 F.3d 975, 987 (9th Cir. 2006)

**III. Plaintiff's Motion for a Preliminary Injunction Is Denied**

Plaintiff's even more perfunctory one-page argument in support of its motion for a preliminary injunction and the additional briefing it proffers in its reply fail to establish a likelihood of irreparable harm, which is one of the four required elements for a preliminary injunction. See Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Plaintiff simply seeks to recover money; Plaintiff wants to be paid for the services it provided.  Plaintiff seeks to recover the payment of claims, interest, costs and attorney's fees, as well as special, general, and punitive damages.  It is well established that money damages are inadequate to establish irreparable harm.  See Elias v. Connett, 908 F.2d 521, 526 (9th Cir. 1990) (concluding that the plaintiff had offered no evidence in support of his allegations of irreparable harm because he failed to show that he would suffer more than mere monetary harm or financial hardship if he were denied relief); Cotter v. Desert Palace, 880 F.2d 1142, 1145 (9th Cir. 1989) ("Injuries compensable in monetary damages are 'not normally considered irreparable.'" (quoting Los Angeles Memorial Coliseum Com. v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980))); see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.

1994) ("'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" (quoting <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 506 (1959))).  Furthermore, Plaintiff has failed to establish, the amount of its claims, the amount of the claimants' PIP benefits limits, and the likelihood of those limits being reached.  Plaintiff's argument on pages 10-14 of its reply brief do not establish these facts and do not show a likelihood of irreparable harm.  Because Plaintiff has not established these facts, Plaintiff has not shown that any of the alleged harm is likely to be anything more than mere speculation, which is inadequate to establish irreparable harm. <u>See</u> <u>Winter v. Natural Res. Def. Council, Inc.</u>, ---U.S. ----, ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008); <u>see also</u> <u>Goldie's Bookstore, Inc. v. Superior Court of the State of Cal.</u>, 739 F.2d 466, 472 (9th Cir. 1984) ("speculative injury does not constitute irreparable injury" (citing Wright and Miller 11 Fed. Practice and Procedure § 2948 at 436 (1973))).

        Plaintiff's argument that "Defendant's Problem Is Self-Inflicted, By Failure To Interplead" is inapplicable.  As the court in <u>State Farm Mut. Auto Ins. Co. v. Brewer</u>, which Plaintiff cites, explained,

        In the usual setting, the insurer has an account to
        which there are several claimants, any one of which
        claims would exceed policy limits, or all of which
        cannot be honored under the policy. For example, a life

> insurance company may have a $50,000 life insurance
> policy to which a number of self-proclaimed
> beneficiaries make claim. There is no reason for the
> insurance company to withhold payment, except that it
> cannot determine to whom to award the proceeds.

State Farm Mut. Auto Ins. Co. v. Brewer, 778 F.Supp. 925, 929

(E.D.Ky 1991).  This is not a situation where an insurance

company is sure that it must award benefits, but the issue of who

the proper beneficiary is remains to be resolved and, as noted

above, Plaintiff has not established what the policy limits are

or that there is any likelihood that those limits will be

reached.  Plaintiff has not even yet established that it is

entitled to the benefits.  Plaintiff has also not shown that

there is any support for the argument it alleges State Farm will

make; i.e., the argument that even if it is found to be liable

for payment of these claims, that State Farm could then claim

benefits had been exhausted and thus not pay the claims.[17]

---

[17]Two unpublished dispositions Plaintiff does not cite might
support its position, but neither is dispositive. In Jou v.
Schmidt, 2008 Haw. App. LEXIS 289 at *2 (Haw. App., June 4,
2008), which Defendant cites in its motion to dismiss in support
of dismissing Count Nine, the court held
> on the facts presented in this case, we hold that an
> insurer is not required, under HRS § 431:10C-304(1), to
> pay benefits once the full amount of the policy limits
> have been reached. Based on the plain language of HRS §
> 341:10C-304(1), USAA's obligation to pay no-fault/PIP
> benefits to its insureds is clearly limited to the
> amount equal to the no-fault benefits, that is, to the
> amount of benefits that remains available to make any
> payment that might be due. Once USAA paid the full
> amount of the policy limits, its obligation to pay any
> additional outstanding bills due to the providers was
> (continued...)

Because, Plaintiff has failed to establish a likelihood of irreparable harm, which is an essential element for preliminary injunctive relief, the Court need not consider its likelihood of success on the merits, the balance of equities, or the public interest. See Am. Trucking, 559 F.3d at 1052; Germon v. Times Mirror Co., 520 F.2d 786, 788 (9th Cir.1975) (declining to consider the plaintiff's likelihood of irreparable harm because it had failed to show a likelihood of success on the merits, as a "party seeking preliminary relief must show a likelihood of success on the merits and that he will suffer irreparable injury if the relief is denied").

Plaintiff also fails to provide any authority for its request that the Court order Defendant to segregate funds out of its PIP benefits pool and reserve them for Plaintiff pending

---

17/(...continued)
extinguished.

However, as Defendant noted in its brief, this is an unpublished and nonbinding decision of the Intermediate Court of Appeals of Hawai'i, which the court there specifically limited to the facts of that case. Furthermore, the factual background can be distinguished as it references "any additional outstanding bills" and it is unclear whether the plaintiff's claims there were made prior to exhaustion of the limit. See id. at *1-2.

In AIG Hawai'i Ins. Co. v. Pain Mgmt. Clinic of Hawai'i, Inc., 109 Hawai'i 468, 2006 WL 380183 (Haw. Jan. 9, 2006), the court determined that AIG did not have to pay certain PIP benefits because policy limits had been reached. However, that appears to have been AIG's defense against payment in the first instance and not the circumstances Plaintiff is alleging here, where it alleges State Farm will use such a defense only after it has been found liable at trial. Id. at *2. In any event, Plaintiff has not established that there is any probability that Defendant's insurance limits may be reached.

resolution of this lawsuit.  Indeed, it is an extraordinary request to ask Defendant to take steps that would prevent it from fulfilling its statutory duties under H.R.S. § 431:10C-304 to pay valid PIP claims as they come due.  Such a request is contrary to the very spirit of the law Plaintiff is seeking to enforce, under which the Legislature sought to have insurers act promptly on claims.  See TIG v. Kauhane, 101 Hawai'i 311, 325 (App. 2003) (discussing the legislative history of H.R.S. § 431:10C-304.)

## CONCLUSION

For the foregoing reasons, the Court: (1) GRANTS Defendant's Motion to Dismiss with respect to Counts Five, Six, and Nine (2) GRANTS Defendant's Motion to Dismiss to the extent that Plaintiff seeks any recovery for civil penalties under H.R.S. § 431:10C-304(7); (3) DENIES Defendant's motion to dismiss with respect to Counts One through Four; and, (4) DENIES Plaintiff's Cross Motion for Summary Judgment and Adjudication or Preliminary Injunction.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, January 22, 2010.



_____
Alan C. Kay
Sr. United States District Judge


Painsolvers, Inc., v. State Farm Mut. Ins. Co., Civ. No. 09-00429
ACK-KSC, Order (1) Granting in Part and Denying in Part
Defendant's Motion To Dismiss Counts One Through Six and Count
Nine Of The First Amended Complaint and (2)  Denying Plaintiff's
Cross Motion For Summary Judgment And Adjudication Or Preliminary
Injunction.