IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAINSOLVERS, INC., | ) CIVIL NO. 09-00429 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) PLAINTIFF PAINSOLVERS, |
| STATE FARM MUTUAL | ) INC.'S MOTION FOR |
| AUTOMOBILE INSURANCE | ) ATTORNEY'S FEES AND COSTS |
| COMPANY, An Entity Form | ) |
| Unknown; DOES 1-30, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF PAINSOLVERS, INC.'S
MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff Painsolvers,

Inc.'s ("Plaintiff") Motion for Attorney's Fees and

Costs ("Motion"), filed December 8, 2011.  Plaintiff

filed a Statement of Consultation on December 8, 2011.

On December 28, 2011, Defendant State Farm Mutual

Automobile Insurance Company ("Defendant") filed a

Counter Motion for Attorneys' Fees and Costs[1] and

Opposition to the Motion.  Plaintiff filed a Reply on

January 11, 2012.

_____

    [1]  The Counter Motion will be addressed in a
separate findings and recommendation.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART, and that Plaintiff be awarded **$131,180.68** in attorneys' fees and tax.

<u>BACKGROUND</u>

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the disposition of the instant Motion.

On January 22, 2010, the district court issued an Order (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss Counts One Through Six and Count Nine of the First Amended Complaint and (2) Denying Plaintiff's Cross Motion for Summary Judgment and Adjudication of Preliminary Injunction.

On August 6, 2010, the district court issued an Order (1) Denying Plaintiff's Motion for Summary Judgment, (2) Determining Facts Not at Issue Pursuant to Rule 56(d), (3) Denying Plaintiff's Motion for Leave to File a Supplemental Declaration, and (4) Granting Defendant's Counter Motion for Summary Judgment.

On October 6, 2011, the Court held a settlement on the record. Pursuant to the Release, Settlement, and Indemnification Agreement, Defendant paid consideration of $10,000.00. In return, Plaintiff agreed to release all claims against Defendant related to this lawsuit with the exception of its claim for attorneys' fees and costs pursuant to Hawaii law. Reply, Ex. C at ¶ 3.

DISCUSSION

I.  <u>Entitlement to Attorneys' Fees and Costs</u>

Plaintiff seeks $246,663.78 in attorneys' fees and tax pursuant to Hawaii Revised Statutes ("HRS") §§ 431:10C-211 and 431:10C-304. A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to

attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

A.    HRS §§ 431:10C-211 and 431:10C-304

Plaintiff argues that it is entitled to attorneys' fees, having prevailed in a settlement. Defendant challenges Plaintiff's "prevailing party" status and contends that an award of fees is not mandatory.

HRS § 431:10C-211 states, in pertinent part:

(a) A person making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive, or

4

> frivolous. Reasonable attorney's fees,
> based upon actual time expended, shall be
> treated separately from the claim and be
> paid directly by the insurer to the
> attorney.

Haw. Rev. Stat. § 431:10C-211(a).  This section, which is discretionary, "confers upon an insured the right to seek attorneys' fees regardless of whether the insured prevailed on his or her claims, except when the claim is unreasonable, fraudulent, excessive, or frivolous." Enoka v. AIG Haw. Ins. Co., Inc., 109 Hawai'i 537, 560, 128 P.3d 850, 873 (2006); State Farm Mut. Auto. Ins. Co. v. Indus. Pharmacy Mgmt., LLC, Civil No. 09-00176 ACK-KSC, 2009 WL 2448474, at *6 (D. Haw. Aug. 11, 2009) ("H.R.S. § 431:10C-211(a) (the 'discretionary provision'), allows for attorney's fees in the discretion of the court or Commissioner, regardless of whether a party actually prevails in its action against the insurer.").

Contrastingly, HRS § 431:10C-304(5), which pertains to parties who prevail against insurers, is a mandatory provision, and provides:

> (5) No part of personal injury protection
> benefits paid shall be applied in any
> manner as attorney's fees in the case of
> injury or death for which the benefits are
> paid. The insurer shall pay, subject to
> section 431:10C-211, in addition to the
> personal injury protection benefits due,
> all attorney's fees and costs of
> settlement or suit necessary to effect the
> payment of any or all personal injury
> protection benefits found due under the
> contract. Any contract in violation of
> this provision shall be illegal and
> unenforceable. It shall constitute an
> unlawful and unethical act for any
> attorney to solicit, enter into, or
> knowingly accept benefits under any
> contract;

Haw. Rev. Stat. § 431:10C-304(5); see also Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., 685 F. Supp. 2d 1123, 1134 (D. Haw. 2010) (recognizing that an award of attorneys' fees and costs is mandatory under HRS § 431:10C-304(5) if a claimant prevails in a settlement or suit for PIP benefits) (citations omitted). Construing these provisions in accordance with principles of statutory construction, the Intermediate Court of Appeals of Hawaii has held that

> (1) an award of attorney's fees and costs
> is mandatory if a claimant prevails in a
> settlement or suit for no-fault benefits;

6

> and (2) an award of attorney's fees and
> costs may, in the exercise of a court's or
> the Commissioner's discretion, be awarded
> to a nonprevailing claimant, as long as
> the claim is not determined to be
> unreasonable, fraudulent, excessive, or
> frivolous.

Iaea v. TIG Ins. Co., 104 Hawai'i 375, 379, 90 P.3d

267, 271 (Haw. Ct. App. 2004).

In the present case, Plaintiff is entitled to

an award of attorneys' fees pursuant to either HRS

§§ 431:10C-211(a) or 431:10C-304(5).  Plaintiff settled

this action with Defendant and received $10,000.00 as a

result.  Attorneys' fees are therefore mandatory under

HRS § 431:10C-304(5).

Even if Plaintiff had not prevailed in a

settlement for PIP benefits, HRS § 431:10C-211(a) would

nevertheless authorize the recovery of fees because the

record contains no finding that Plaintiff's claims were

unreasonable, fraudulent, excessive, or frivolous.

II. Calculation of Attorneys' Fees

Having determined that Plaintiff is entitled to

attorneys' fees, the Court shall now assess the

reasonableness of the fee request.

Hawaii courts calculate reasonable attorneys'
fees based on a method that is virtually identical to
the traditional "lodestar" calculation set forth in
Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See
DFS Group v. Paiea Props., 110 Hawai'i 217, 222, 131
P.3d 500, 505 (2006).  The court must calculate a
reasonable fee by multiplying the number of hours
reasonably expended by a reasonable hourly rate.  See
id. at 222-23, 131 P.3d at 505-06.  In addition, courts
may consider the following factors:

> (1) the time and labor required, the
> novelty and difficulty of the questions
> involved and the skill requisite properly
> to conduct the cause; (2) whether the
> acceptance of employment in the particular
> case will preclude the lawyer's appearance
> for others in cases likely to arise out of
> the transaction, and in which there is a
> reasonable expectation that otherwise he
> would be employed, or will involve the
> loss of other employment while employed in
> the particular case or antagonisms with
> other clients; (3) the customary charges
> of the Bar for similar services; (4) the
> amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the
> certainty of the compensation; and (6) the

> character of the employment, whether
> casual or for an established and constant
> client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Haw.,
106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005)
(citations omitted).  These factors, however, are
merely guides; courts need not consider them in every
case.  See id.  In certain types of cases, some of
these factors may justify applying a multiplier to the
"lodestar" amount.  See Chun v. Bd. of Trs. of
Employees' Ret. Sys. of Haw., 92 Hawai'i 432, 442, 992
P.2d 127, 137 (2000).

Plaintiff requests the following attorneys'
fees for work performed by its counsel, Stephen Shaw:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Stephen Shaw | 841.3[2] | $280.00 | $235,564.00 |
| **TAX (4.712%)** | | | $11,099.78 |
| **TOTAL** | 841.3 | | $246,663.78 |

---

[2] This figure includes the 819.8 hours requested
in the Motion, as well as the additional 21.5 hours
requested in the Reply.

9

A.   Reasonable Hourly Rate

As set forth above, Plaintiff requests an hourly rate of $280 for Mr. Shaw.  The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)) ("The reasonable hourly rate is that prevailing in the community for similar work.").  But see DFS Group, 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds federal case law to be instructive with respect to the determination of a reasonable hourly rate.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See

Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. In a different action, the Court

determined that $280 is a reasonable hourly rate for
Mr. Shaw and the Court finds that an hourly rate of
$280 is reasonable here.  Civil No. 09-00226 JMS-KSC,
Jou v. Adalian, Doc. No. 82 at 2; id., Doc. No. 88.
Defendant argues that as recently as 2009, the
Insurance Commissioner determined that the customary
hourly rate for attorneys in personal injury protection
cases is $125.  The rates awarded or deemed reasonable
outside this Court are not binding or persuasive.  The
Court bases its recommendation on its knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, and the Court's
familiarity with this case.

    B.   <u>Reasonable Hours Expended</u>

       For the reasoning stated in Section II.A, this
Court finds federal case law instructive with respect
to the reasonable number of hours expended on the
instant case.  Beyond establishing a reasonable hourly
rate, a prevailing party seeking attorneys' fees bears
the burden of proving that the fees and costs taxed are

associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).

After careful review of Plaintiff and Defendant's submissions, the Court finds that the

following reductions are necessary and appropriate.

1.  <u>Excessive Billing</u>

Defendant challenges a number of Mr. Shaw's time entries as excessive.  Opp'n, Ex. 1.  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).  District court findings about matters such as the redundancy of the hours claimed are given considerable deference.  <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1544 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993) (quoting <u>Hensley</u>, 461 U.S. at 437).

After carefully reviewing Mr. Shaw's time entries, the Court finds that **325.2** hours are excessive, and recommends that the fee award be reduced accordingly.

2.  <u>Clerical or Ministerial Tasks</u>

Some of Mr. Shaw's time entries reflect billing for clerical/ministerial work, i.e., communication with

the Court, reviewing court filing and other notices, and are therefore non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); Nicholas M. ex rel. Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or

ministerial); <u>Haw. Carpenters Trust Funds v. Cosier</u>
<u>Const., Inc.</u>, Civil No. CV 08-00442 SOM-LEK, 2009 WL
291188, at *3 (D. Haw. Feb. 03, 2009) (finding that
review of district court filing notices are clerical
and non-compensable); <u>Bandalan v. Castle & Cooke</u>
<u>Resorts, LLC</u>, Civil No. 07-00591 DAE-LEK, 2009 WL
1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks
include reviewing notices of the date and time for
motions hearings and notices of filing deadlines);
<u>Young v. Geico Indem. Co.</u>, Civ. No. 08-00171 JMS/KSC,
2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009)
(communications with the court are clerical and not
compensable).

Mr. Shaw expended 7 hours on clerical tasks.
Therefore, **7** hours should be excluded from Plaintiff's
fee award.

### 3. Inadequate Entries

Defendant also contends that a number of Mr.
Shaw's time entries lack the detail required by the
Local Rules. Although Mr. Shaw's time entries are in

large part sufficiently descriptive, a number of tasks must be excluded due to the inadequacy of the descriptions.  Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2).  While the Court understands and appreciates counsel's efforts to preserve confidential information, the descriptions that Mr. Shaw has elected to omit have rendered certain entries inadequate under Local Rule 54.3(d)(2), which provides:

> [C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless **furnish an adequate non-privileged description of the services in question.**  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  **For example, the time entries for telephone conferences must include an identification of all participants** <u>**and the reason for the call**</u>**.**

Local Rule 54.3(d)(2) (emphases added).  Here, many of Mr. Shaw's telephone conversations/conferences with Dr.

17

Sandhu do not include the subject matter of the conversation/discussion.  The same is true of conversations with defense counsel and other tasks completed by Mr. Shaw, such as emails.  As a result, the Court recommends that Mr. Shaw's hours be reduced by **26.5** for inadequate descriptions.

4.  <u>Non-compensable Entries</u>

The Court also finds it appropriate and necessary to deduct the hours expended in connection with claims unrelated to Plaintiff's personal injury protection benefit claims, to the extent those hours are readily identifiable and severable.  HRS §§ 431:10C-211 and 431:10C-304 authorize attorneys' fees for personal injury protection benefit claims, not all claims asserted and/or considered by Plaintiff.

For example, on September 3, 2009, Mr. Shaw conducted research for the First Amended Complaint regarding defamation matters.  Mem. in Supp. of Mot. at 9.  Defamation is a tort claim.  Neither HRS § 431:10C-211 nor HRS § 431:10C-304 contemplates

18

recovery for such claims.  After reviewing Mr. Shaw's
time entries, the Court finds that his hours should be
reduced by **17.3** for non-compensable time entries.

     5.  <u>Block Billing</u>

     Finally, the Court must reduce some of the
requested hours due to "block billing."  "The term
'block billing' refers to the time-keeping method by
which each lawyer and legal assistant enters the total
daily time spent working on a case, rather than
itemizing the time expended on specific tasks."
<u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1284 n.9
(10th Cir. 1998) (citations and quotation marks
omitted).  Block billing entries generally fail to
specify a breakdown of the time spent on each task.

     District courts have the authority to reduce
hours that are billed in block format because such a
billing style makes it difficult for courts to
ascertain how much time counsel expended on specified
tasks.  <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942,
948 (9th Cir. 2007).  <u>See</u> <u>also</u> <u>id.</u> (citing <u>Role Models</u>

<u>Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); <u>see</u> <u>also</u> <u>Hensley</u>, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")). Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

Mr. Shaw's use of block billing with respect to certain time entries makes it difficult, if not impossible, for the Court to ascertain the reasonableness of the hours expended as to those entries. Accordingly, the Court imposes an across-the-board reduction of 20% as to the entries that are in the "block billing" format. <u>Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.</u>, No. CV 06-00663 JMS BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%). Mr. Shaw billed

89.4 hours in the block format.  These hours are therefore reduced by **17.88** (20% of 89.4).

6.  Total Fee Award

The Court is satisfied that Plaintiff has established the appropriateness of the following attorneys' fees incurred in the present action:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Stephen Shaw | 447.42 | $280.00 | $125,277.60 |
| **TAX (4.712%)** | | | $5,903.08 |
| **TOTAL** | 447.42 | | $131,180.68 |

Based on the foregoing, the Court HEREBY RECOMMENDS that the district court award Plaintiff **$131,180.68** in attorneys' fees and tax.

III.  Cost Award

In addition to attorneys' fees, Plaintiff seeks $3,926.11 in costs.  Defendant submits that Plaintiff is not entitled to costs because it is not a prevailing party and alternatively, because a number of the costs are not recoverable.

The Court recognizes that HRS § 431:10C-211 and HRS § 431:10C-304 authorize the recovery of costs. However, to the extent Plaintiff requests taxable costs, federal law controls. Although federal jurisdiction in this case is based upon diversity, federal law applies because the taxation of costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1) is a procedural matter. <u>Chaparral Res., Inc. v. Monsanto Co.</u>, 849 F.2d 1286, 1291-92 (10th Cir. 1988) ("In a diversity case, federal law controls in regard to the assessment of costs."); <u>DeRoburt v. Gannett Co., Inc.</u>, 558 F. Supp. 1223, 1228 (D. Haw. 1983) ("The determination of which costs are recoverable depends upon judicial interpretation of Rule 54(d) and relevant federal statutes, rather than upon state law." (citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 473-74 (1965)) (some citations omitted)).

FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

22

Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to FRCP 54(d).  See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded.  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

> Local Rule 54.2(a) provides:
>
> Costs shall be taxed as provided in Fed. R. Civ. P. 54(d)(1).  The party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b).  Unless otherwise ordered, the court will not determine the party entitled to costs in an action terminated by settlement; the parties must reach an agreement regarding entitlement to costs, or bear their own costs.

Local Rule 54.2(a).  Here, Plaintiff has not obtained judgment in its favor, as required by Local Rule 54.2(a), nor did it prevail in connection with an FRCP 50(b), 52(b) or 59 motion.  Moreover, while the parties agreed to leave for disposition the issue of Plaintiff's request for attorneys' fees and costs

pursuant to Hawaii law, the Court did not order that this case would be excepted from the general rule that it will not determine costs in action terminated by settlement.

Even if the Court had so ordered and/or Plaintiff had prevailed as contemplated by Local Rule 54.2(a), Plaintiff is not entitled to costs because it failed to comply with Local Rule 54.2. Local Rule 54.2(c) requires that a party support its request for costs by "setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." Local Rule 54.2(c).

Plaintiff has not complied with any of the foregoing requirements.[3] Instead, Plaintiff included the costs in the timesheets, with no further explanation or legal support for the request. In its Findings and Recommendation to Deny Without Prejudice

---

[3] Plaintiff has additionally failed to comply with Local Rule 54.2(f).

Plaintiff Painsolver's Motion for Attorneys' Fees and Costs, the Court cautioned Plaintiff that if its motion for attorneys' fees and costs did "not comply with Local Rule 54.3 and any other applicable rules, the Court has the discretion to deny the motion with prejudice."  Doc. No. 108 at 2 (quoting Local Rule 54.3(g)).

To the extent Plaintiff requests non-taxable expenses, the Court recommends a denial of the Motion notwithstanding Hawaii statutory authority permitting the recovery of such expenses.  Again, Plaintiff failed to comply with the applicable Local Rules.  Local Rule 54.3(d)(3) mandates that a party seeking non-taxable expenses identify each requested non-taxable expense and "set forth the applicable authority entitling the moving party to such expense and . . . attach copies of invoices and receipts, if possible."  Local Rule 54.3(d)(3).  Plaintiff's non-compliance requires that the request for costs be denied.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Costs, filed December 8, 2011, be GRANTED IN PART AND DENIED IN PART, and that Plaintiff be awarded **$131,180.68** in attorneys' fees and tax.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 28, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00429 <u>PAINSOLVERS, INC. V. STATE FARM MUT. AUTO. INS. CO.</u>;
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF PAINSOLVERS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS

26