IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAINSOLVERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. NO. 09-00429 ACK-KSC |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, An Entity Form Unknown; DOES 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RECOMMITTING THE PART OF THE FINDINGS AND RECOMMENDATION THAT RECOMMENDS A REDUCTION IN ATTORNEYS' FEES FOR WORK DEEMED EXCESSIVE, REDUNDANT, OR OTHERWISE UNNECESSARY TO THE MAGISTRATE JUDGE FOR FURTHER CONSIDERATION IN LINE WITH THIS ORDER**

For the following reasons, the Court RECOMMITS the part of the Findings and Recommendation that recommends a reduction of 325.2 attorney hours for work deemed excessive, redundant, or otherwise unnecessary to the Magistrate Judge for further consideration in line with this Order. The Court also directs the Magistrate Judge to consider Plaintiff's request for additional attorneys' fees incurred in connection with Plaintiff's Objection and Response, in line with this Order.

## I. BACKGROUND

As the parties are familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court.

On December 8, 2011, following settlement with defendant State Farm Mutual Automobile Insurance Company ("Defendant"), Plaintiff Painsolvers, Inc. ("Plaintiff") filed a Motion for Attorney's Fees and Costs (the "Motion") (Doc. No. 109), as well as a Statement of Consultation (Doc. No. 110). On December 28, 2011, Defendant filed a Counter Motion for Attorneys' Fees and Costs[1] and Opposition to the Motion (Doc. No. 112, hereinafter "D's Opposition"). Plaintiff filed a Reply on January 11, 2012. (Doc. No. 115, hereinafter the "Reply.")

Magistrate Judge Chang found the matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). (See Doc. No. 118.) On February 28, 2012, upon review of the parties' submissions and application of the relevant case law, the court issued a Findings and Recommendation that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded $131,180.68 in

---

[1] On March 1, 2012, Defendant moved to withdraw its Motion for Attorneys' Fees and Costs filed on December 28, 2011. (See Doc. Nos. 120, 121.) On March 2, 2012, Defendants' motion was terminated.

attorneys' fees and tax (the "F&R").  Id. at 26.

On March 12, 2012, Plaintiff filed an objection to the F&R.  (Doc. No. 122, hereinafter "P's Objection.")  On March 13, 2012, Defendant filed an objection to the F&R.  (Doc. No. 123, hereinafter "D's Objection.")  Defendant subsequently filed a Response to Plaintiff's Objections on March 23, 2012.  (Doc. No. 124, hereinafter "D's Response.")  Plaintiff filed a Response to Defendant's Objection on March 26, 2012.  (Doc. No. 125, hereinafter "P's Response.")

## II.  STANDARD OF REVIEW

**Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a Magistrate Judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).  The district court may receive further evidence or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the Magistrate Judge.  D. Haw. Local Rule 74.2.  The district

court must arrive at its own independent conclusions about those portions of the Magistrate Judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

### III. DISCUSSION

**A. The Findings and Recommendation**

On February 28, 2012, Magistrate Judge Chang issued the F&R, granting in part and denying in part Plaintiff's Motion. Following the parties' settlement, Plaintiff sought $246,663.78 in attorneys' fees and tax pursuant to Hawaii Revised Statutes ("H.R.S") §§ 431:10C-211 and 431:10C-304. Section 431:10C-211 provides for a discretionary award of attorneys' fees to the person claiming personal injury protection ("PIP") benefits unless the claim is unreasonable, fraudulent, excessive or frivolous. On the other hand, Section 431:10C-304 is a mandatory provision for parties who prevail against insurers. (See H.R.S. §§ 431:10C-211 and 431:10C-304; see also F&R at 4-6.) The court concluded that Plaintiff was entitled to an award of attorneys' fees pursuant to either H.R.S. §§ 431:10C-211 or 431:10C-304. (F&R at 7.)

The court reasoned that Plaintiff had "prevailed" because Plaintiff "settled this action with Defendant and received $10,000.00 as a result." (F&R at 7.) In the alternative, even if attorneys' fees were not mandatory, the court concluded that Section 211(a) would authorize the recovery

of fees because there was nothing in the record to show that Plaintiff's claims were "unreasonable, fraudulent, excessive, or frivolous." Id.

In order to determine reasonable attorneys' fees, the court applied a calculation similar to the "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), pursuant to which the court must multiply the number of hours reasonably expended by a reasonable hourly rate. Id. at 8. In determining a reasonable hourly rate, the court took into account the experience, skill and reputation of Plaintiff's counsel, as well as the prevailing market rates in the community. Id. at 10-11. Observing that the court had determined that Plaintiff's counsel's hourly rate of $280 had been deemed reasonable in another action, the court concluded that this rate was reasonable in the instant action. Id. at 12.[2]

However, turning to the number of hours reasonably expended, the court made the following reductions: (1) excessive, redundant, or otherwise unnecessary work (a reduction of **325.2** hours); (2) time entries reflecting billing for clerical/ministerial work (a reduction of **7** hours); (3) inadequate time entries lacking detail required by the Local Rules (for example, counsel's conversations/conferences with

---

[2] The court rejected Defendant's argument that as recently as 2009 the customary hourly rate for attorneys practicing in the area of PIP claims was $125, stating that "[t]he rates awarded or deemed reasonable outside this Court are not binding or persuasive." Id. at 12.

client failed to include the subject matter of the discussion) (reduction of **26.5** hours)**;** (4) non-compensable entries for counsel's work on claims unrelated to Plaintiff's PIP benefit claims, such as defamation, which are not covered by the statutes (reduction of **17.3** hours); and (5) block billing (across-the-board reduction of 20 percent as to all entries in "block billing" format). Id. at 13-20. Based upon these reductions, the court recommended an award of **$131,180.68** in attorneys' fees and tax. Id. at 21.

The Magistrate Judge also made other findings and recommendations. However, this Order is narrowly tailored to address the Magistrate Judge's findings and recommendation that Plaintiff's attorneys' fees should be reduced by 325.2 hours for work deemed "excessive, redundant, or otherwise unnecessary." (F&R at 14.) Upon de novo review, the Court concludes that this recommendation must be recommitted to the Magistrate Judge for further consideration in line with this Order.

**B. Plaintiff's Objection**

With respect to the F&R's reduction of 325.2 hours as "excessive, redundant, or otherwise unnecessary," Plaintiff objects that "no facts were articulated in subtracting nearly half of the work (325.2 hours) involved in this case." Id. at 5 (citing F&R at 14). Plaintiff relies upon, inter alia, the Ninth Circuit decision in Moreno v. City of Sacramento, wherein the court ruled that "[w]here the difference between the lawyer's

request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." 534 F.3d 1106, 1111 (9th Cir. 2008); see also P's Objection at 5.

Plaintiff also asserts that the objections and related matters have resulted in additional attorneys' fees. Id. at 13. Accordingly, Plaintiff seeks additional total legal service fees of $10,701.56. Id. at 15; P's Reply at 14.[3/]

**C. Defendant's Objection**

In its Objection, Defendant submits, among other things, that the Magistrate Judge erred in awarding attorneys' fees that were more than thirteen times the amount of settlement obtained by Plaintiff. (D's Objection at 1.) This figure is "patently unreasonable," Defendant contends, in light of Plaintiff's allegedly baseless and frivolous claims. Id.

Defendant asserts that even if a party is entitled to attorneys' fees by statute (and Defendant submits that Plaintiff is entitled to no attorneys' fees in this action), such an award must be reasonable and necessarily incurred by the party seeking the award. Id. at 18 (citing, e.g., Jenkins v. Wise, 58 Haw. 592, 574 P.2d 1337 (Haw. 1978)). Defendant argues that the burden to prove that the requested fees were reasonably and

---

[3/] Specifically, Plaintiff requests $6,714.13 in additional attorneys' fees for time spent drafting the Objection, and $3,987.43 in additional attorneys' fees for time spent drafting the Response, for a total of $10,701.56.

necessarily incurred falls on Plaintiff, who has failed to meet this burden. Id. at 19 (citing DFS Group L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (Haw. 2006)).

Specifically, Defendant contends, the number of hours claimed by Plaintiff's counsel is "grossly excessive." (D's Objection at 19.) For example, Plaintiff's counsel claims to have spent 87 hours - "more than two whole work weeks" - researching and drafting a ten-page memorandum in opposition to Defendant's Motion to Dismiss and in support of Plaintiff's Counter Motion for Summary Judgment or for a Preliminary Injunction. Id. at 19-20. Plaintiff also claims that he spent 148.7 hours on an unfiled opposition to Defendant's Motion for Summary Judgment. Id. at 20. By contrast, Defendant states that its counsel spent approximately 33.5 attorney hours (and 32.2 paralegal hours) on their motion. Id. Furthermore, Defendant contends, not only are these claims grossly excessive, but "this court effectively found that both of Plaintiff's motions seeking affirmative relief . . . were entirely lacking in evidentiary or legal support." Id.

Defendant states that it has identified numerous time entries as "excessive, duplicative, unreasonable, lacking in sufficient detail or incurred in connection with frivolous or otherwise unwarranted filings." Id. at 21. Generally, Defendant asks the Court to consider the "patent unreasonableness" of Plaintiff's fee request: "a fee of $235,564.00 in a case in which he ultimately recovered only a $10,000.00 settlement on

behalf of his client." Id. at 23.[4/]

**D. Analysis**

The Court reviews de novo the parties' objections with respect to the Magistrate Judge's recommendation that a significant reduction be made based upon work deemed "excessive, redundant, or otherwise unnecessary." (F&R at 14.)

As an initial matter, the Court observes that the party requesting fees bears the burden of proving that the requested fees were reasonably and necessarily incurred. See F.K. ex rel. A.K. v. Dep't of Educ., Hawaii, Civ. No. 10-00753 BMK, 2011 WL 2650198, at *2 (D. Haw. July 5, 2011) (citing Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)). Moreover, the court is tasked with guarding against awarding fees and costs which are excessive, and is required to determine fees and costs that were self-imposed and avoidable, and has discretion to "trim the fat" from, or otherwise reduce, the number of hours spent on a case. See, e.g., Parr v. Kalani Corp, 2012 WL 1424538, at *4 (D. Haw. Apr. 3, 2012) (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987); Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted)).

---

[4/] In his Response, Plaintiff asserts that the settlement in no way conceded or admitted that Plaintiff only succeeded on the claims included in the $10,000 payment, and use of a multiplier of the settlement amount is unsupported and not authorized by the relevant statutes. (See P's Response at 1-2.) Plaintiff also contends that he did in fact prevail in settlement because Defendant "paid benefits pursuant to the settlement which the insurer found due under contracts." Id. at 3.

As Plaintiff asserts, the Ninth Circuit Court of Appeals' decision in Moreno suggests that the party opposing a motion for attorneys' fees bears a burden in opposing these fees as well. The court states, "the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." 534 F.3d at 1116. The Court notes that Defendant asserted reasons for reducing Plaintiff's fee request in its extensive Exhibit 1, a 20-page document that identifies each contested billing entry. (See Doc. No. 112, Ex. 1.)

Under Hensley, a court's explanation for the amount of attorneys' fees awarded must be "concise but clear." Moreno, 534 F.3d at 1111 (citing Hensley, 461 U.S. at 437). Moreover, where the disparity between the lawyer's request and the court's award is significant, "a more specific articulation of the court's reasoning is expected." Id. (citing Bogan v. City of Boston, 489 F.3d 417, 430 (1st Cir. 2007)). The F&R states that after careful review, a reduction of **325.2** hours is warranted based upon work deemed "excessive, redundant, or otherwise unnecessary." This recommendation has been objected to by both

Plaintiff and Defendant.[5/]  The Court observes that a reduction of nearly 39 percent for work deemed "excessive, redundant, or otherwise unnecessary" (and 47 percent overall) is significant under Moreno, 534 F.3d at 1111.

Upon de novo review, the Court concludes that the Magistrate Judge needs to provide adequate articulation of the reasoning for the recommended reduction of 325.2 hours based upon his finding such hours constitute excessive, redundant, or otherwise unnecessary attorney work.  The F&R provides no details or specific bases to support this sizeable reduction.

The Court notes that this large reduction for excessive, redundant, or otherwise unnecessary billing may be warranted.  The Court observes that the Magistrate Judge recommended a fee award of $131,180.68, which is more than 10 times the achieved settlement amount of $10,000, which in turn Defendant quite likely agreed to simply to avoid incurring more of its own attorneys' fees.  Although a large reduction may be warranted, however, such a finding requires a more detailed analysis informing the parties of the reasons for this significant reduction in Plaintiff's counsel's fee award.  Accordingly, the Court rejects this finding and recommits this finding to the Magistrate Judge for further review and analysis

---

[5/] Whereas Plaintiff objects to the Magistrate Judge's failure to provide adequate articulation as to this sizeable reduction (P's Objection at 5), Defendant contends that the number of hours claimed by Plaintiff's counsel is "grossly excessive."  (D's Objection at 19-22.)

in line with this Order.

### IV. CONCLUSION

For the foregoing reasons, the Court RECOMMITS the part of the Findings and Recommendation that recommends a reduction of 325.2 attorney hours for work deemed excessive, redundant, or otherwise unnecessary to the Magistrate Judge to provide appropriate specific reasons for such reductions in line with this Order.  The Court also directs the Magistrate Judge to consider Plaintiff's request for additional attorneys' fees incurred in filing Plaintiff's Objection and Response in line with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, May 31, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., et al., Civ. No. 09-00429: Order Recommitting the Part of the Findings and Recommendation that Recommends a Reduction in Attorneys' Fees for Work Deemed Excessive, Redundant, or Otherwise Unnecessary to the Magistrate Judge for Further Consideration in Line with this Order.