IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PAINSOLVERS, INC.,           )
                             )
                             )
          Plaintiff,         )
                             )
     vs.                     )     CIV. NO.  09-00429 ACK-KSC
                             )
STATE FARM MUTUAL            )
AUTOMOBILE INSURANCE         )
COMPANY, An Entity Form      )
Unknown; DOES 1-30,          )
                             )
                             )
          Defendants.        )
_____ )

<u>ORDER ADOPTING, AS SUPPLEMENTED, THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF
PAINSOLVERS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS</u>

     For the following reasons, the Court ADOPTS the

Magistrate Judge's Findings and Recommendation to Grant in Part

and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for

Attorney's Fees and Costs, as supplemented by the Supplement To

Findings And Recommendation To Grant In Part And Deny In Part

Plaintiff Painsolvers, Inc.'s Motion For Attorney's Fees and

Costs.

**I.  BACKGROUND**[1/]

     As the parties are familiar with the facts and

_____

     [1/] The facts as recited in this order are for the purpose of
resolving the instant Findings and Recommendation and are not to
be construed as findings of fact that the parties may rely on in
future proceedings in this case.

procedural history of this case, the Court will only provide a
brief overview of the proceedings most relevant to the current
issue before the Court.

On December 8, 2011, following settlement with
defendant State Farm Mutual Automobile Insurance Company
("Defendant"), Plaintiff Painsolvers, Inc. ("Plaintiff") filed a
Motion for Attorney's Fees and Costs (the "Motion") (Doc. No.
109), as well as a Statement of Consultation (Doc. No. 110).  On
December 28, 2011, Defendant filed a Counter Motion for
Attorneys' Fees and Costs[2/] and Opposition to the Motion. (Doc.
No. 112, hereinafter "D's Opposition.")  Plaintiff filed a Reply
on January 11, 2012.  (Doc. No. 115, hereinafter the "Reply.")

Magistrate Judge Chang found the matter suitable for
disposition without a hearing pursuant to Rule 7.2(d) of the
Local Rules of Practice of the United States District Court for
the District of Hawaii ("Local Rules").  (See Doc. No. 118.)  On
February 28, 2012, upon review of the parties' submissions and
application of the relevant case law, the court issued a Findings
and Recommendation that Plaintiff's Motion be granted in part and
denied in part, and that Plaintiff be awarded $131,180.68 in
attorneys' fees and tax (the "F&R").  Id. at 26.

On March 12, 2012, Plaintiff filed an objection to the
Findings and Recommendation.  (Doc. No. 122, hereinafter "P's

---

[2/]  On March 1, 2012, Defendant moved to withdraw its Motion
for Attorneys' Fees and Costs filed on December 28, 2011.  (See
Doc. Nos. 120, 121.)  On March 2, 2012, Defendants' motion was
terminated.

Objection.")  On March 13, 2012, Defendant filed an objection to the Findings and Recommendation.  (Doc. No. 123, hereinafter "D's Objection.")  Defendant subsequently filed a Response to Plaintiff's Objections on March 23, 2012.  (Doc. No. 124, hereinafter "D's Response.")  Plaintiff filed a Response to Defendant's Objection on March 26, 2012.  (Doc. No. 125, hereinafter "P's Response.")

On May 31, 2012, the Court issued an Order Recommitting The Part Of The Findings And Recommendation That Recommends A Reduction In Attorneys' Fees For Work Deemed Excessive, Redundant, Or Otherwise Unnecessary To The Magistrate Judge For Further Consideration In Line With This Order.  (Doc. No. 126.)  Specifically, the Court directed the Magistrate Judge to provide appropriate specific reasons for the recommended reduction of 325.2 attorney hours for work deemed excessive, redundant, or otherwise unnecessary.  Id. at 12.

The Magistrate Judge issued a Supplement To Findings And Recommendation To Grant In Part And Deny In Part Plaintiff Painsolvers' Inc's Motion For Attorney's Fees And Costs on June 19, 2012.  (Doc. No. 127, hereinafter the "Supplement.")  In the Supplement, the Magistrate Judge provided details as to the basis for his recommended reduction, including specific illustrative examples, and stood by its previous recommendation to reduce Plaintiff's attorney's fee request by 325.2 hours for work deemed excessive, redundant, or otherwise unnecessary.  Id. at 12.

## II. STANDARD OF REVIEW

**Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

## III. DISCUSSION

**A.    The Findings and Recommendation**

On February 28, 2012, Magistrate Judge Chang issued the F&R, granting in part and denying in part Plaintiff's Motion.

-4-

Following the parties' settlement, Plaintiff sought $246,663.78 in attorneys' fees and tax pursuant to Hawaii Revised Statutes ("H.R.S") §§ 431:10C-211 and 431:10C-304. Section 431:10C-211 provides for a discretionary award of attorneys' fees to the person claiming personal injury protection ("PIP") benefits unless the claim is unreasonable, fraudulent, excessive or frivolous. On the other hand, Section 431:10C-304 is a mandatory provision for parties who prevail against insurers. (See H.R.S. §§ 431:10C-211 and 431:10C-304; see also F&R at 4-6.) The court concluded that Plaintiff was entitled to an award of attorneys' fees pursuant to either H.R.S. §§ 431:10C-211 or 431:10C-304. (F&R at 7.)

The court reasoned that Plaintiff had "prevailed" because Plaintiff "settled this action with Defendant and received $10,000.00 as a result." (F&R at 7.) In the alternative, even if attorneys' fees were not mandatory, the court concluded that Section 211(a) would authorize the recovery of fees because there was nothing in the record to show that Plaintiff's claims were "unreasonable, fraudulent, excessive, or frivolous." Id.

In order to determine reasonable attorneys' fees, the court applied a calculation similar to the "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), pursuant to which the court must multiply the number of hours reasonably expended by a reasonable hourly rate. Id. at 8. In determining a reasonable hourly rate, the court took into account

-5-

the experience, skill and reputation of Plaintiff's counsel, as well as the prevailing market rates in the community. <u>Id.</u> at 10-11. Observing that the court had determined that Plaintiff's counsel's hourly rate of $280 had been deemed reasonable in another action, the court concluded that this rate was reasonable in the instant action. <u>Id.</u> at 12.[3/]

However, turning to the number of hours reasonably expended, the court concluded that certain reductions were necessary. <u>Id.</u> at 13. Plaintiff requested attorneys' fees for 841.3 hours of work, and the Magistrate Judge reduced this figure by a total of 447.42 hours, recommending an award for 393.88 hours of work. <u>Id.</u> at 9, 21. The Court observes that this award is based upon fewer hours of work than the 555.80 hours expended by Defendant's counsel (although that figure includes Defendant's hours with respect to defense of the inappropriate tort claims that Plaintiff injected into this PIP case). (<u>See</u> D's Opposition at 32.) The court made the following reductions: (1) excessive, redundant, or otherwise unnecessary work (a reduction of **325.2** hours); (2) time entries reflecting billing for clerical/ministerial work (a reduction of **7** hours); (3) inadequate time entries lacking detail required by the Local Rules (for example, counsel's conversations/conferences with

---

[3/] The court rejected Defendant's argument that as recently as 2009 the customary hourly rate for attorneys practicing in the area of PIP claims was $125, stating that "[t]he rates awarded or deemed reasonable outside this Court are not binding or persuasive." <u>Id.</u> at 12.

client failed to include subject matter of the discussion)
(reduction of **26.5** hours)**;** (4) non-compensable entries for
counsel's work on claims unrelated to Plaintiff's PIP benefit
claims, such as defamation, which are not covered by the statutes
(reduction of **17.3** hours); and (5) block billing (across-the-
board reduction of 20 percent as to all entries in "block
billing" format).  <u>Id.</u> at 13-20.  Based upon these reductions,
the court recommended an award of **$131,180.68** in attorneys' fees
and tax.  <u>Id.</u> at 21.

        The court also recommended that Plaintiff not be
awarded any costs.  Stating that federal law controlled the
analysis of Plaintiff's request for taxable costs, the court
noted that Fed. R. Civ. P. 54(d)(1) provides that "costs other
than attorneys' fees shall be allowed as of course to the
prevailing party unless the court otherwise directs."  <u>Id.</u> at 22
(citing Fed. R. Civ. P. 54(d)(1)).  Furthermore, turning to Local
Rule 54.2, the court observed that unless otherwise ordered, the
court "will not determine the party entitled to costs in an
action terminated by settlement; the parties must reach an
agreement regarding entitlement to costs, or bear their own
costs."  <u>Id.</u> at 23 (citing L.R. 54.2(a)).  The court had not
ordered that this case would be excepted from the general rule
barring court involvement in costs in an action terminated by
settlement.  <u>Id.</u> at 24.

        Moreover, the court noted that Plaintiff failed to

comply with Local Rule 54.2 in that Plaintiff failed to set forth "the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred and are allowable by law." Id. (citing L.R. 54.2(c)).[4/] For these reasons, the court recommended that Plaintiff's request for costs be denied due to Plaintiff's non-compliance with Local Rule 54.3(d)(3). To the extent that Plaintiff requested non-taxable expenses, the court recommended a complete denial notwithstanding Hawaii statutory authority permitting the recovery of these expenses. (F&R at 25.) This recommendation was based upon Plaintiff's failure to comply with the applicable Local Rules, namely Rule 54.3(d)(3), that require a party seeking non-taxable expenses to identify each such expense and set forth the applicable authority entitling the party to such expense. Id. (citing L.R. 54.3(d)(3)).

The Magistrate Judge ultimately recommended the following award of attorney's fees:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Stephen Shaw | 447.42 | $280.00 | $125,277.60 |
| **TAX (4.712%)** | | | $5,903.08 |
| **TOTAL** | 447.42 | | $131,180.68 |

---

[4/] The court also noted that it had identified Plaintiff's failure to set forth grounds for its cost request in a previous F&R denying the request without prejudice. Id. at 24.

**B.  Plaintiff's Objection**

On March 12, 2012, Plaintiff filed an Objection to the F&R.  Pursuant to Local Rule 74.2, Plaintiff identified certain portions of the findings and recommendations to which it objected and provided the basis for such objections.  Generally, Plaintiff asserts that Defendant State Farm "bulldozed over Plaintiff's medical practice and through the courts without the slightest attempt to settle in good faith," employing "[w]ear-down and attrition strategies."  (P's Objection at 2.)  Plaintiff contends that Defendant made "vague" and "illegal" information requests, creating a "massive smokescreen in the tiniest font possible." Id. at 3.  Despite Defendant's alleged use of these tactics, Plaintiff states that settlement "was achieved through persistence and tenacity" and "[a]ll of the hours were diligently recorded and were necessary."  Id.

Plaintiff advances six specific objections, as well as a request for additional attorneys' fees incurred in connection with its Motion.  The Court will summarize each of Plaintiff's specific objections, all of which are addressed below in the analysis section.

  i. The _Iaea_ Standard Replaces Certain Lodestar Factors

Plaintiff objects to the court's method of calculating attorney's fees in Section II, pages 7-9 of the F&R.  (P's Objection at 4-5.)  Plaintiff states that the standard espoused in Iaea v. TIG Ins. Co., 104 Haw. 375, 380, 90 P.3d 267 (Haw. Ct.

App. 2004) replaces certain lodestar factors. (P's Objection at 4.) Plaintiff contends that Hawaii case law, pursuant to Iaea, "requires that an award of attorneys fees and costs to a claimant is mandatory if the claimant has effected the payment of any or all no fault benefits found due under the [no fault insurance] contract." Id. at 4 (quoting Iaea, 104 Haw. at 380). This "any or all" standard, Plaintiff asserts, is statutory under Haw. Rev. Stat. § 431:10C-304(5). Plaintiff submits that it "effected the payment of any . . . benefits" when State Farm paid some of the claims it identified when payment was made pursuant to settlement. (P's Objection at 4.) Furthermore, Plaintiff states that the court "need not consider lodestar factors in every case," as the F&R "concedes" at page 9. Id.

> ii.  Reduction Based on Excessive Billing Was
> Improper

Plaintiff objects to the court's recommendation that reasonable fees be reduced by $115,483.10, stating that "no facts were articulated in subtracting nearly half of the work (325.2 hours) involved in this case." Id. at 5 (citing F&R at 14). Plaintiff relies upon, inter alia, the Ninth Circuit decision in Moreno v. City of Sacramento, wherein the court ruled that "[w]here the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." 534 F.3d 1106, 1111 (9th Cir. 2008); see also P's Objection at 5.

iii. <u>Reductions should be Disallowed Because</u>
<u>Defendant's Opposition to the Fee Motion was</u>
<u>Nonspecific and Boilerplate</u>

Defendant's opposition to Plaintiff's fee request
failed to comply with Local Rule 54.3(f), Plaintiff argues, which
requires Defendant to specifically identify the fees in dispute.
<u>Id.</u> at 5.  Plaintiff states that Circuit precedent allocates the
burden to the party opposing the fee request – <u>not</u> the court – to
additionally "come up with specific reasons." <u>Id.</u> at 5-6 (citing
<u>Moreno</u>, 534 F.3d at 1111).  Plaintiff asserts that Defendants'
apparent "rubber-stamping" by means of conclusory phrases – as
well as the F&R's "massive" reduction – violate <u>Moreno</u>, 543 F.3d
at 1116.  (P's Objection at 6.)

iv. <u>Wider Latitude Should be Given for Attorney-Client</u>
<u>Privilege</u>

Plaintiff also objects to the finding that Plaintiff's
counsel submitted inadequate entries, which is discussed at pages
16-18 of the F&R.  (P's Objection 7.)  Plaintiff contends that
omission of certain details in the billing entries, a practice
which led the court to reduce over $7,000 in fees for client
telephone conferences, was based upon the substance of
conversations that were privileged.  <u>Id.</u>  Plaintiff asserts that
a possible solution in this situation – although not required –
is <u>in camera</u> review of the allegedly attorney-client privileged
descriptions to determine the substance of the entries, prior to
reducing the award of attorneys' fees.  <u>Id.</u> (citing <u>Maersk v.</u>
<u>Hartmann Metals Corp.</u>, 2007 U.S. Dist. LEXIS 6622 at *5).

### v. Excluding Tort Claims was Improper

Plaintiff asserts that the court's recommendation to exclude tort claims from Haw. Rev. Stat. § 431:10C-304(5) and 431:10C-211 "imports unintended, negative consequences into Hawaii's common-law system." Id. at 8 (citing Fergerstrom v. Ocean View Estates, 50 Haw. 374, 441 P.2d 141 (1968)). Under the rules of statutory construction, Plaintiff asserts that these statutes "are to be strictly construed because they are in derogation of the common law." Id. (citing Akai v. Lewis, 37 Haw. 374, 379 (1946). Accordingly, Plaintiff states, HRS § 431:10C-304(5) does not exclude claims under HRCP Rule 8(a), including claims sounding in tort or those for defamation. Id.

### vi. The F&R Fails to Identify Alleged Block-billed Entries

Plaintiff objects to the F&R's alleged failure to identify the block-billed entries for which Plaintiff's attorney's fee award was reduced. Id. at 9. Moreover, Plaintiff states that Defendant's brief similarly fails to assert or identify any of the alleged block-billed entries, as mandated by Moreno, 534 P.3d at 1116. Id. In any event, Plaintiff states that he identified entries wherein he "described more than one task but for a single coordinated activity." Id. at 10. Plaintiff asserts that the "touchstone of block billing is whether a court could not determine precisely how many hours were spent on separate tasks billed for the same day." Id. Here,

-12-

Plaintiff alleges that the billing entries were clear.  Id.

   vii.  Costs are Recoverable

         Finally, Plaintiff objects to the reduction of costs at
Section III of the F&R.  Id. at 11.  Plaintiff asserts that
pursuant to Iaea,"an award of fees and costs is mandatory if a
claimant prevails in a settlement . . . for no fault benefits."
Id. (citing Iaea, 104 Haw. at 379).[5]  The settlement in the
instant action, Plaintiff states, effected payment of no fault
benefits due pursuant to several policies.  Id.[6]  Plaintiff
asserts that he set forth the applicable authority for costs in
his motion, memorandum (Doc 109-2 at 1-3) and in his reply (Doc
115 at 3).  Defendant, however, allegedly failed to identify
"specific reasons for reducing" or disputed issues of law or fact
relating to "each disputed expense item," as Plaintiff alleges is
required under LR 54.3(f) and Moreno, 534 F.3d at 1116.  Id. at
12.

   viii.  Request for Additional Fees

         Plaintiff asserts that the objections and related
matters have resulted in additional attorneys' fees.  Id. at 13.

--------

[5]  In his Response, Plaintiff re-asserts that the award of
costs is mandatory if a claimant prevails in a settlement for no
fault benefits, citing Iaea for this proposition.  (P's Response
at 11 (citing 104 Haw. at 379-83)).

[6]  Moreover, Plaintiff asserts, Magistrate Judge Chang
"applied the wrong standards regarding costs," asserting that
awards of attorneys fees and related non-taxable expenses should
be made according to state law when a court sitting in diversity
applies state substantive law.  Id. (citing Farmers Inc. Exch. v.
Sayas, 250 F.3d 1234, 1236 (9th Cir. 2001)).

Accordingly, Plaintiff seeks additional total legal service fees of $6,714.13.  Id. at 15.

**C.    Defendant's Objection**

In its Objection, Defendant submits that Magistrate Judge Chang erred on two accounts:  both in concluding that Plaintiff was the "prevailing party" in the matter, and in awarding attorneys' fees that were more than thirteen times the amount of settlement obtained by Plaintiff.  (D's Objection at 1.)  This figure is "patently unreasonable," Defendant contends, in light of Plaintiff's allegedly baseless and frivolous claims. Id.

As an initial matter, Defendant characterizes Plaintiff not as the "prevailing party," but rather as a party that commenced litigation asserting baseless claims and "dragged" the proceedings out for more than two years prior to settling for a "nominal sum."  Id. at 2.  In light of this, Defendant argues that an award of attorneys' fees is not mandatory; if the Court decides to award any such fees, they should be "no more than a small fraction of the exorbitant sum claimed by Plaintiff and his counsel."  Id.  The Court will summarize each of Defendant's specific objections, all of which are addressed below in the analysis section.

> i.    Plaintiff is Not the Prevailing Party and is Not Entitled to Attorneys' Fees and Costs

Defendant contends that Plaintiff is not a "prevailing party" under H.R.S. § 431:10C-304(5) because that statutory

provision only requires an award of "attorneys' fees and costs of
settlement or suit necessary to effect the payment of any or all
no-fault benefits <u>found due under the contract</u>." <u>Id.</u> at 16
(citing H.R.S. § 431:10C-304(5)).  Defendant contends that the
court never found any benefits "due" under the subject insurance
policies, and further emphasizes that "each and every time
Plaintiff sought summary judgment on its claims, the court
rejected Plaintiff's proof as grossly inadequate."  <u>Id.</u>
Defendant asserts that under <u>Iaea</u>, the court is <u>not</u> required to
award attorneys' fees to a claimant who does not prevail on a
claim for no-fault benefits; the award is discretionary.  <u>Id.</u> at
17 (citing <u>Iaea</u>, 104 Haw. at 380).  Generally, Defendant argues,
the conduct of Plaintiff in this litigation warrants a finding
that Plaintiff's claims were "unreasonable if not downright
frivolous."  <u>Id.</u>[7]

ii.  <u>Plaintiff's Fee Claim is Unreasonable</u>

Defendant also asserts that even if a party is entitled
to attorneys' fees by statute, such an award must be reasonable
and necessarily incurred by the party seeking the award.  <u>Id.</u> at
18 (citing, e.g., <u>Jenkins v. Wise</u>, 58 Haw. 592, 574 P.2d 1337
(Haw. 1978)).  Defendant argues that the burden to prove that the
requested fees were reasonably and necessarily incurred falls on

---

[7] Defendant contends that Plaintiff, "took a garden variety
dispute over PIP benefits that could and should have been
resolved via an administrative proceeding or arbitration and
literally 'turned it into a federal case' by adding baseless and
frivolous tort claims."  <u>Id.</u> at 17.

Plaintiff, who has failed to meet this burden.  Id. at 19 (citing DFS Group L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (Haw. 2006)).

First, Defendant contends, the number of hours claimed by Plaintiff's counsel is "grossly excessive." (D's Objection at 19.)  For example, Plaintiff's counsel claims to have spent 87 hours - "more than two whole work weeks" - researching and drafting a ten-page memorandum in opposition to Defendant's Motion to Dismiss and in support of Plaintiff's Counter Motion for Summary Judgment or for a Preliminary Injunction.  Id. at 19-20.  Plaintiff also claims that he spent 148.7 hours on an unfiled opposition to Defendant's Motion for Summary Judgment. Id. at 20.  By contrast, Defendant states that its counsel spent approximately 33.5 attorney hours (and 32.2 paralegal hours) on their motion.  Id.  Furthermore, Defendant contends, not only are these claims grossly excessive, but "this court effectively found that both of Plaintiff's motions seeking affirmative relief . . . were entirely lacking in evidentiary or legal support."  Id.

Additionally, Defendant states that it has identified numerous time entries as "excessive, duplicative, unreasonable, lacking  in sufficient detail or incurred in connection with frivolous or otherwise unwarranted filings."  Id. at 21. Generally, Defendant asks the Court to consider the "patent unreasonableness" of Plaintiff's fee request:  "a fee of $235,564.00 in a case in which he ultimately recovered only a

$10,000.00 settlement on behalf of his client." Id. at 23.[8/]

Defendant also argues that Plaintiff's hourly rate of $280 is excessive, observing that as recently as 2009 the Insurance Commissioner determined that the customary rate for attorneys in PIP cases is $125 per hour. Id. at 22.[9/] Defendant also states, by way of example, that its counsel, all of whom are "experienced insurance litigators," bill at a rate of $150 to $160 in this case. Id. at 23. Defendant also directs the Court's attention to the case of Indust. Phar. Mgmt, LLC v. State Farm Mut. Auto. Ins. Co., ATX-2008-13-P, wherein a provider sought $87,916.25 in attorneys' fees on PIP claims ultimately valued at $5,151.84 and the Insurance Commissioner limited the attorneys' fees to $10,300.00. Id. at 24.[10/]

---

[8/] In his Response, Plaintiff responds that the settlement in no way conceded or admitted that Plaintiff only succeeded on the claims included in the $10,000 payment, and use of a multiplier of the settlement amount is unsupported and not authorized by the relevant statutes. (See P's Response at 1-2.) Plaintiff also contends that he did in fact prevail in settlement because Defendant "paid benefits pursuant to the settlement which the insurer found due under contracts." Id. at 3.

[9/] Defendant contends that the court's reliance on its order in Jou v. Adalian, Civ. No. 09-00226 JMS-KSC – wherein the court found a $280 hourly rate for Plaintiff's counsel reasonable – is inapposite because it was not a PIP case. Id. at 22. This is not the prevailing rate in the community for "similar" work. Id.

[10/] In his Response, Plaintiff's counsel notes that Defendant's arguments that the State Insurance Commissioner's set rates are controlling were rejected in a similar case. (P's Response at 10 (citing First. Ins. Co. etc v. Dayoan, 124 Haw. 426, 436-37, 246 P.3d 358 (Haw. App. 2010) (finding that Commissioner's award of $125/hour was inappropriate and $250 was more appropriate, considering the attorneys had practiced law in

(continued...)

### iii. <u>The Court Should Adopt the F&R with Respect to Costs</u>

Finally, Defendant argues that the Court should adopt the Magistrate Judge's findings and recommendation to deny costs, based upon Local Rule 54.2(a) which provides that the court will not determine entitlement to costs in actions terminated by settlement. <u>Id.</u> at 24. Additionally, Defendant emphasizes that Plaintiff did not comply with Local Rule 54.2 in that it failed to set forth the grounds and authorities supporting his request, or an affidavit. <u>Id.</u> In conclusion, Defendant requests that the Court award no attorneys' fees. <u>Id.</u> at 25. In the alternative, should the Court award any such fees, Defendant submits that the fee award should be no more than $20,000, which represents twice the amount of the parties' settlement. <u>Id.</u>[11]

### D. **Analysis**

The Court will review <u>de novo</u> each issue that has been raised in the parties' Objections.

---

[10] (...continued)
Hawaii for almost 20 years)). In the instant case, Plaintiff's counsel avers that he has practiced insurance law for nearly 29 years, served as a law clerk in the area of insurance, and was a licensed Life and Disability insurance agent in San Diego prior to law clerkship. <u>Id.</u> at 10.

[11] The Court observes that Defendant reiterates these arguments in its Response. Defendant emphasizes that Plaintiff's counsel "completely ignores the fact that <u>he</u> bears the burden to show the fees he is claiming are reasonable." (P's Response at 5.) Additionally, Defendant further addresses the alleged impropriety of Plaintiff's request for attorneys' fees with respect to non-PIP claims, arguing that H.R.S. § 431:10C-304(5) "says <u>nothing</u> about fees incurred in pursuit of tort claims." <u>Id.</u> at 7.

**1. Plaintiff's Counsel is Entitled to Attorneys' Fees**

This section addresses Plaintiff's general statutory entitlement to attorneys' fees, as objected to by Defendant. A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawaii 286, 305, 141 P.3d 459, 478 (2006) (citations omitted).

There are two provisions under Hawaii insurance law that provide for an award of attorneys' fees to parties who bring actions against insurers for denial of PIP benefits. See State Farm Mut. Auto. Ins. Co. v. Indus. Pharm. Mgmt, LLC, Civ. No. 09-00176 ACK-KSC, 2009 WL 2448474, at *5 (D. Haw. Aug. 11, 2009). The first, which is mandatory, provides in relevant part:

> The insurer shall pay, subject to section 431:10C-211, in addition to the personal injury protection benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract.

H.R.S. § 431:10C-304(5). The second applicable provision is discretionary, and provides in relevant part:

> A person making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon

> judicial proceeding or the commissioner upon administrative
> proceeding determines that the claim was unreasonable,
> fraudulent, excessive, or frivolous.  Reasonable attorney's
> fees, based upon actual time expended, shall be treated
> separately from the claim and be paid directly by the
> insurer to the attorney.

H.R.S. § 431:10C-211(a).  Pursuant to the second provision, a

party is allowed an award of attorneys' fees in the discretion of

the commissioner or the court regardless of whether the party

actually prevails in its action against an insurer.  State Farm,

2009 WL 2448474 at *6.

The Court concludes that Plaintiff is entitled to

recover attorneys' fees.  As an initial matter, although

Plaintiff does not base his entire argument solely on an

entitlement to attorneys' fees pursuant to H.R.S. § 431:10C-

304(5) as the "prevailing party",[12/] the plain text of the statute

suggests that the legislature contemplated awarding attorneys'

fees to claimants who ultimately received payment for benefits as

a result of settlement.  The statute provides, "[t]he insurer

shall pay . . . all attorney's fees and costs of settlement or

suit necessary to effect the payment of any or all personal

injury protection benefits found due under the contract."  H.R.S.

§ 431:10C-304(5).  This language contemplates an award not only

after a party has been granted a favorable judgment, but also

---

[12/] Plaintiff relies also upon his entitlement to fees
pursuant to the discretionary provision, and argues that
"Plaintiff is entitled to an award of attorneys' fees pursuant to
either HRS §§ 431:10c-211(a) or 431:10C-304(5)."  See P's
Objection at 7.

following settlement.  In the instant action, Defendant paid nine claims to Plaintiff as a result of the settlement.  In <u>Iaea</u>, the court concluded that an award of attorney's fees and costs to a claimant is <u>mandatory</u> if the claimant has "effect[ed] the payment of any or all no-fault benefits found due under the [no-fault insurance] contract."  104 Haw. at 380.

Nevertheless, the Court need not reach this question because it concludes that Plaintiff is entitled to fees under the discretionary provision.  Hawaii courts have clarified that an award of attorneys' fees under the discretionary provision has only two requirements:  "First, the discretionary provision 'requires that attorney's fees and costs be treated separately from the underlying no-fault [(PIP)] benefits and [be] paid by the insurer directly to the insured's attorney[]' . . . . Second, 'attorney's fees and costs awarded must be reasonable, based on actual time spent and <u>not</u> based on an unreasonable, excessive, frivolous or fraudulent claim.'"  <u>State Farm</u>, 2009 WL 2448474 at *6 (citing <u>Iaea</u>, 104 Haw. at 379).  As the Magistrate Judge observed, "the record contains no finding that Plaintiff's claims were unreasonable, fraudulent, excessive, or frivolous."  (F&R at 7.)

Moreover, the legislative history of these two statutes "reflects a clear legislative purpose to authorize payment of an insured's attorney's fees and costs in order to level the playing field between an insured and an insurer, which typically has greater resources to defend against an insured's claim."  <u>Iaea</u>,

-21-

104 Haw. at 382. Accordingly, the Court concludes that Plaintiff is entitled to attorneys' fees. The Court will turn next to the appropriate methodology for calculating such fees.

### 2. Plaintiff Bears the Burden of Proving the Requested Fees were Reasonably and Necessarily Incurred, and Defendant has Specifically Identified Entries to Which it Objects

As an initial matter, the Court observes that the party requesting fees bears the burden of proving that the requested fees were reasonably and necessarily incurred. See F.K. ex rel. A.K. v. Dep't of Educ., Hawaii, Civ. No. 10-00753 BMK, 2011 WL 2650198, at *2 (D. Haw. July 5, 2011) (citing Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)). Moreover, the court is tasked with guarding against awarding fees and costs which are excessive, and is required to determine fees and costs that were self-imposed and avoidable, and has discretion to "trim the fat" from, or otherwise reduce, the number of hours spent on a case. See, e.g., Parr v. Kalani Corp, 2012 WL 1424538, at *4 (D. Haw. Apr. 3, 2012) (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987); Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted)).

As Plaintiff asserts, the Ninth Circuit Court of Appeals' decision in Moreno suggests that the party opposing a motion for attorneys' fees bears a burden in opposing these fees as well. The court states, "the burden of producing a sufficiently cogent explanation can mostly be placed on the

shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." 534 F.3d at 1116. The Court concludes that Defendant adequately identified specific reasons for reducing Plaintiff's fee request in its extensive Exhibit 1, a 20-page document that identifies each contested billing entry and provides a basis for each objection. (See Doc. No. 112, Ex. 1.) Accordingly, the Court concludes that Plaintiff's objection on this basis is unpersuasive.

**3. The *Iaea* Court Did Not Abandon the Lodestar Calculation and the Magistrate Judge Did Not Misapply this Analysis**

Hawaii courts generally calculate reasonable attorneys' fees based upon a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). (See DFS Group, 110 Haw. at 222). Plaintiff contends that the Iaea standard replaced certain factors in the lodestar calculation (P's Objection at 4-5). Contrary to Plaintiff's contention, the Iaea court did not address the applicability of the lodestar factors. Although the court in Iaea concluded that an award of attorney's fees and costs to a claimant was "mandatory" if the claimant had "effect[ed] the payment of any or all no-fault benefits found due

-23-

under the [no-fault insurance] contract," the Court did not
abandon the well-established principle that courts have the
discretion to award _reasonable_ attorney's fees.  _Iaea_, 104 Haw.
at 380.  In fact, the court remanded the case and directed the
Commissioner to determine a "_reasonable_ attorney's fees and costs
award to Iaea." _Id._ at 383.

It is unclear to the Court whether Plaintiff suggests
that _Iaea_ mandates a court award of any and all attorney's fees
and costs sought in a PIP case; if so, this is a clearly
erroneous interpretation of case law and the Court's duty to
ensure that an award of attorney's fees is reasonable.  Indeed,
as Defendant asserts, a statutory entitlement to attorneys' fees
does not equate to an automatic entitlement to all attorneys'
fees expended by a party in litigation.  (D's Objection at 18
(citing _Finley v. Home Ins. Co._, 90 Haw. 25, 975 P.2d 1145 (Haw.
1998)).  Moreover, attorneys' fees, whether they are provided for
by contract or by statute, must be reasonable and necessarily
incurred by the party seeking the fee award.  (D's Objection at
18 (citing _Jenkins v. Wise_, 58 Haw. 592, 574 P.2d 1337 (Haw.
1978).)

For these reasons, the Court concurs with the
Magistrate Judge's application of the lodestar factors to
determine a reasonable award of attorney's fees.  Pursuant to
this calculation, the "starting point for determining the amount
of a reasonable fee is the number of hours reasonably expended on
the litigation multiplied by a reasonable hourly rate." _Hensley_,

461 U.S. at 433.  In addition, the court may consider the following factors as guides, although they are not required:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

In his Motion for Attorneys' fees, Plaintiff's counsel requested compensation for **841.3** hours of work at a **$280.00** rate, as well as a **4.712%** tax.  The Court must now consider the reasonableness of Plaintiff's counsel's hourly rate, as well as the time expended, both of which have been challenged in the parties' Objections.

### 4.  Plaintiff's Counsel's Hourly Rate is Reasonable

The Court concurs with the Magistrate Judge's conclusion that Plaintiff's hourly rate of $280.00 per hour is reasonable.  Courts in Hawaii determine a reasonable hourly rate in a manner that is virtually identical to the traditional lodestar formulation.  See Allstate Ins. Co. v. Leong, 2010 WL 3210755, at *5 (D. Haw. July 23, 2010).  Additionally, some courts have considered federal law in determining the reasonable hourly rate.  Id. (citing Reiche v. Ferrera, Civ. No. 24449, 2003

WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work.") (citing <u>United States v. Metro. Dist. Comm'n</u>, 847 F.2d 12, 19 (1st Cir. 1988))).

As an initial matter, the Court finds Defendant's argument for reduction based upon its own attorneys' hourly rates to be unavailing. Defendant submits that its attorneys' billing rates range from $150 to $160 per hour, in contrast to Plaintiff's counsel's request to $280 per hour. (D's Objection at 23 n.7.) The Court is familiar with market rates in the Hawaii community, and concludes that Defendant's billing rates are well below market for seasoned attorneys performing similar work. Additionally, the Insurance Commissioner's determination that $125/hour, as of 2009, was appropriate, is not binding on this court and has been rejected previously. <u>See</u> <u>First Ins. Co. etc v. Dayoan</u>, 124 Haw. 426, 246 P.3d 358, 368 (Haw. Ct. App. 2010) (declining to award Insurance Commissioner's recommended rate of $125 per hour and instead determining that $250 per hour was a more appropriate rate under different circumstances).

In determining the reasonableness of an hourly rate, "the Court considers the experience, skill, and reputation of the attorney requesting fees." <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). Plaintiff's counsel states that he has practiced insurance law for nearly 29 years, served as a law clerk in the area of insurance, and served as a license insurance agent prior to his clerkship. (P's Response, at 10.) In a

-26-

different action, the court determined that $280 was a reasonable

hourly rate for Mr. Shaw.  See <u>Jou v. Adalian</u>, Civ. No. 09-00226

JMS-KSC, Doc. No. 82 at 2; <u>id.</u>, Doc. No. 88).[13]

The Court is well aware of the prevailing rates in the

community for similar services performed by attorneys of

comparable experience, skill, and reputation.  Based upon the

case law, as well as the Court's knowledge of the prevailing

rates in the community and Plaintiff's submissions in this case,

the Court finds that Plaintiff's counsel's hourly rate of $280 is

reasonable.

   **5.   The Magistrate Judge's Recommendation for Reductions
        in Billing, as Modified by the Supplement, are Adopted**

In total, the Magistrate Judge recommended a reduction

of **393.88 hours**, which resulted in a monetary reduction of

$115,483.10. (<u>See</u> F&R at 12-21.)  Plaintiff objects to the

reduction, asserting that "no facts were articulated in

subtracting nearly half of the work (325.2 hours) involved in

this case," as required under <u>Ferland</u>, 244 F.3d at 1148. (P's

Objection at 5 (citing F&R at 14)).  Under <u>Hensley</u>, a court's

explanation for the amount of attorneys' fees awarded must be

"concise but <u>clear</u>."  <u>Moreno</u>, 534 F.3d at 1111 (citing <u>Hensley</u>,

---

   [13] The Court observes that <u>Adalian</u> was not a PIP case, but
rather was a collection action involving a promissory note.  <u>See</u>
<u>Jou v. Adalian</u>, Civ. No. 09-00226 JMS-KSC.  In the Court's
opinion, such a collection case does not merit a higher hourly
rate than a PIP case.  In <u>Adalian</u>, the court reduced the hours
claimed by Plaintiff's counsel by more than half, from 50.9 to
20.7.  <u>Id.</u>, Doc. No. 82 at 3.

461 U.S. at 437). Moreover, where the disparity between the lawyer's request and the court's award is significant, "a more specific articulation of the court's reasoning is expected." Id. (citing Bogan v. City of Boston, 489 F.3d 417, 430 (1st Cir. 2007)).

In Moreno, the Court of Appeals for the Ninth Circuit stated that "[i]f opposing counsel cannot come up with specific reasons for reducing the [attorney's] fee request that the district court finds persuasive it should normally grant the award in full, or with no more than a haircut." 534 F.3d at 1116 (emphasis added).

Generally, however, "[t]he party seeking fees bears the burden of proving that such hours were associated with the relief requested and reasonably necessary to achieve the results obtained." See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).

The Court observes that a reduction of nearly 47 percent is far more than a haircut. The Court reviews de novo each of the Magistrate Judge's specific bases for reduction to which the parties have objected in turn.[14]

---

[14] Plaintiff does not specifically object to the Magistrate Judge's recommendation that the attorneys' fee award be reduced by seven (7) hours for time that Plaintiff's counsel spent on clerical tasks. (F&R at 16.) The Court concludes that although the F&R does not document the entries that are categorized as "clerical" or "ministerial," this seven-hour reduction is an appropriate haircut and does not constitute clear error. Accordingly, the Court concurs with this reduction. The F&R specifies that "[s]ome of Mr. Shaw's time entries reflect billing
(continued...)

i.  <u>Excessive Billing</u>

     The F&R states that after careful review, a reduction
of **325.2** hours is warranted because those hours are "excessive."
The Magistrate Judge's recommendation on this issue was objected
to by both Plaintiff and Defendant.[15/]   Defendant asserted that
Plaintiff's counsel sought fees for hours that were "grossly
excessive," including a claim for 87 hours to draft a 10-page
memorandum and a "staggering" claim for 185.6 hours expended on a
Motion for Summary Judgment that the court denied.[16/]  (D's

---

     [14/] (...continued)
for clerical/ministerial work, i.e., communication with the
Court, reviewing court filing and other notices, and are
therefore non-compensable."  (F&R at 15.)  The Magistrate Judge
correctly states that costs for clerical or ministerial work are
part of an attorney's overhead and may not be attained as
attorney's fees because they are reflected in the charged hourly
rate.  See Jeremiah B. v. Dep't of Educ., Civ. No. 09-00262 DAE-
LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010); See also
Davis v. City and County of San Francisco, 976 F.2d 1536, 1542
(9th Cir. 1992) ("It simply is not reasonable for a lawyer to
bill, at her regular hourly rate, for tasks that a non-attorney
employed by her could perform at a much lower cost.")).

     [15/] Whereas Plaintiff objects to the Magistrate Judge's
failure to provide adequate articulation as to this sizeable
reduction (P's Objection at 5), Defendant contends that the
number of hours claimed by Plaintiff's counsel is "grossly
excessive."  (D's Objection at 19-22.)

     [16/] The Court observes, however, that "in small cases as well
as large ones, opposing parties do not always have the same
responsibilities under the applicable rules, nor are they
necessarily similarly situated with respect to their access to
necessary facts, the need to do original research to make out
their case, and so on.  Comparison of the hours spent in
particular tasks by the attorney for the party seeking fees and
by the attorney for the opposing party, therefore, does not
necessarily indicate whether the hours expended by the party
seeking fees were excessive."  Ferland, 244 F.3d at 1151.
                                                  (continued...)

Objection at 18.)

The Court previously recommitted this issue to the Magistrate Judge in its May 31, 2012 Order, directing the Magistrate Judge to provide details as to the basis for this sizeable recommended reduction. (Doc. No. 126.) In the Supplement, the Magistrate Judge provided illustrative examples of numerous entries that are excessive, duplicative or unnecessary, as well as the reasoning behind this reduction. (See Supplement at 5-11.) Accordingly, the Court finds that the Supplement satisfies the requirements espoused in Moreno by providing adequate detail as to the basis for the Magistrate Judge's suggested reduction of 325.2 hours, and adopts the Magistrate Judge's findings and recommendation to reduce Plaintiff's attorney's fee award by 325.2 hours for entries that are excessive, duplicative, or unnecessary.[17]

ii. Plaintiff's Request for Wider Latitude for the Claim of Attorney-Client Privilege With Respect to

---

[16] (...continued)
Accordingly, Defendant's comparison of its own attorneys' hours spent on this action with that of Plaintiff's counsel should not be given significant weight in determining the excessiveness of Plaintiff's counsel's hours. See D's Objection, at 20 n. 3 and 4.

[17] Should the parties believe that the Court's basis for the 325.2 hour reduction for excessive, duplicative, or unnecessary billing is inappropriate, following the Magistrate Judge's supplemental review, the parties may file a motion for reconsideration.

<u>Inadequate Entries</u>

Pursuant to Local Rule 54.3(d)(2), the Magistrate Judge recommended a reduction of **26.5** hours for inadequate description of Plaintiff's counsel's telephone conversations and/or conferences with his client.[18/]  (F&R at 17-18.)  Specifically, the F&R concludes that Plaintiff's counsel failed to include the subject matter of the conversation or discussion.  <u>Id.</u>  Plaintiff argues that such omissions were deliberately and properly based upon his adherence to the confidentiality mandated under the attorney-client privilege.  Plaintiff's counsel suggests <u>in camera</u> review as a solution, rather than a reduction of over $7,000 in fees for billing entries that were deemed inadequate based upon details that were withheld due to attorney-client privilege.  (P's Objection at 7.)  The Court observes that in <u>Maersk v. Harmann</u>, the case Plaintiff's counsel offers as a solution (but not a requirement), the special master did not conduct an <u>in camera review</u>; rather, due to the small amount of hours (just 2.7), the special master granted wide latitude with respect to attorney-client privilege and recommended that no

---

[18/] Local Rule 54.3(d)(2) provides: "[C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  For example, the time entries for telephone conferences must include an identification of all participants <u>and the reason for the call</u>."  L.R. 54.3(d)(2) (emphasis added).

additional fees be deducted.  Civ. No. 04-00652 HG-BMK, 2007 U.S.

Dist. LEXIS 6622, at *5-6 (D. Haw. Jan. 29, 2007).

The Court declines to direct the Magistrate Judge to

conduct an in camera review, and concludes that Plaintiff's

counsel's failure to provide non-privileged basic information as

to the substance of calls with his client warrants this deduction

of 26.5 hours.

### iii.  Non-compensable Entries

Plaintiff objects to the fee reduction for hours

expended in connection with claims unrelated to Plaintiff's PIP

claims.  (P's Objection at 8.)  The Magistrate Judge recommended

this reduction based upon a finding that "neither HRS. § 431:10C-

211 nor HRS. § 304 contemplates recovery for such claims."  (See

F&R at 18-19.)  The Court concludes that Plaintiff's argument

that tort claims should not be excluded from H.R.S. §§431:10C-

304-5 and 431:10C-211 because doing so would import "unintended,

negative consequences into Hawaii's common-law system" (based

upon a 1968 opinion that is inapposite) is unavailing.  See P's

Objection at 8.  Plaintiff offers no case law support, and the

Court is not aware of any, that would extend the award of

attorneys' fees in the context of PIP claims to cover tort

claims.  (See F&R at 18.)  Accordingly, the Court concurs with

the Magistrate Judge's reduction of 17.3 hours for non-

compensable time entries related to tort claims.

### iv.  Block Billing

Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Hawaii, LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%). The Ninth Circuit Court of Appeals has recognized a district court's authority to reduce hours that are billed in block format. Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Generally, the court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s] those hours that were actually billed in block format." Id. (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)).

Here, the Magistrate Judge did not apply a block-billing reduction to all of counsel's hours. Rather, upon review of the diary entries, the Magistrate Judge identified 89.4 hours as "block-billed" entries and applied a 20 percent reduction only to those entries. See, e.g., Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (identifying 9.25 hours submitted in "block billing" format and applying an across-the-board reduction of 15% for those entries). Moreover, the Court finds Plaintiff's argument that Defendant failed to meet its burden of asserting or identifying alleged block-billing, as required by Moreno, 534 F.3d at 1116, to be unavailing. (Defendant's Opp. at 9.)

Although Defendant does not specifically identify instances of block-billing, its opposition to Plaintiff's motion for attorneys' fees contains an exhibit detailing dozens of entries which Defendants assert provide "inadequate description." (See Doc. No. 112-3, Ex. 1.)

In any case, the party requesting attorneys' fees bears the burden of proving that the requested fees were reasonably and necessarily incurred. <u>DFS Group</u>, 110 Haw. at 222. The Court concludes that Plaintiff failed to meet this burden with respect to block-billed entries, and accordingly concludes that this across-the-board reduction of 20 percent only to the 89.4 hours identified as "block-billed" is proper.

### 6. Plaintiff is Not Entitled to Taxable Costs

Plaintiff correctly asserts that an award of costs would be mandatory in this action under the <u>Iaea</u> standard, if that standard applied. However, this standard is inapplicable because a federal court sitting in diversity applies federal law to determine the taxation of costs. See <u>BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.</u>, Civ. No. 09-00181 DAE-KSC, 2011 WL 4369303, at *2 n.1 (D. Haw. Aug. 24, 2011) (citing <u>DeRoburt v. Gannett Co., Inc.</u>, 558 F. Supp. 1223, 1228 (D. Haw. 1983)).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Courts have discretion to award costs

pursuant to Rule 54(d).  <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F.
Supp. 23 1124, 1126 (D. Haw. 1999).

Local Rule 54.2(a) provides that "[t]he party entitled
to costs shall be the prevailing party in whose favor judgment is
entered, or shall be the party who prevails in connection with a
motion listed in LR 54.2(b).[19]  Unless otherwise ordered, the
court will not determine the party entitled to costs in an action
terminated by settlement; the parties must reach agreement
regarding entitlement to taxation of costs, or bear their own
costs."  L.R. 54.2(a).

In the Settlement Agreement, the parties stated that
"both State Farm and Painsolvers understand and agree that this
settlement is a compromise of disputed claims and that the
settlement made is not to be deemed or construed as an admission
of liability on the part of any party, all of whom deny any
liability and intend merely to avoid litigation and to buy their
peace . . . ."  (<u>See</u> Doc. No. 115-3, at 2.)  The Settlement
Agreement also provided that ". . . the Claims Released shall not
include Painsolvers' claim for attorneys fees and costs pursuant
to Hawaii law."  <u>Id.</u> at 4.

Although the parties agreed that the claims released
would not foreclose Plaintiff's claim for costs, the Court
observes that no court ordered that this action would be excepted

---

[19] This rule references motions filed under Fed. R. Civ. P.
50(b), 52(b), or 59, or a remand order, none of which applies in
the instant action.

from the general rule that the Court will not determine costs in an action terminated by settlement.[20/] (See F&R at 24; L.R. 54.2.) Accordingly, the Court concurs with Magistrate Judge Chang's recommendation to deny Plaintiff's request for taxable costs.

The Court finds no clear error with respect to the Magistrate Judge's findings to which neither party has objected.

### IV. CONCLUSION

For the foregoing reasons, the Court: (1) ADOPTS, as supplemented, the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs; and (2) AWARDS Plaintiff a total of $131,180.68, which includes attorney's fees and taxes thereon.

The Court directs the parties to file any motions for additional attorney's fees with the Magistrate Judge for consideration in line with this Order.

---

[20/] Furthermore, the Magistrate Judge also found that Plaintiff had not obtained judgment in its favor, as required by Local Rule 54.2(a), nor did it prevail in connection with an FRCP 50(b), 52(b) or 59 motion. See F&R at 23.

IT IS SO ORDERED

Dated:  Honolulu, Hawaii, June 28, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-
KSC: Order Adopting, As Supplemented, The Magistrate Judge's Findings And
Recommendation To Grant In Part And Deny In Part Plaintiff Painsolvers, Inc.'s
Motion For Attorney's Fees And Costs.