IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAINSOLVERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. NO. 09-00429 ACK-KSC |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, An Entity Form Unknown; DOES 1-30, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REAFFIRMING THE JUNE 28, 2012 ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS SUPPLEMENTED, TO GRANT IN PART AND DENY IN PART PLAINTIFF PAINSOLVERS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS, AND ADOPTING THE SUPPLEMENT**

I. BACKGROUND[1]

As the parties are familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court. On December 8, 2011, following settlement with defendant State Farm Mutual Automobile Insurance Company ("Defendant"), Plaintiff Painsolvers, Inc. ("Plaintiff") filed a Motion for Attorney's Fees and Costs (Doc. No. 109), as

---

[1] The facts as recited in this order are for the purpose of resolving the instant Findings and Recommendation and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

-1-

well as a Statement of Consultation (Doc. No. 110). On December 28, 2011, Defendant filed a Counter Motion for Attorneys' Fees and Costs[2/] and Opposition to the Motion. (Doc. No. 112.) Plaintiff filed a Reply on January 11, 2012. (Doc. No. 115.)

On February 28, 2012, upon review of the parties' submissions and application of the relevant case law, Magistrate Judge Chang issued a Findings and Recommendation that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded $131,180.68 in attorneys' fees and tax (the "F&R"). Id. at 26. Both Plaintiff and Defendant filed objections to the F&R (see Doc. Nos. 122, 123), as well as responses to each other's objections (Doc. Nos. 124, 125). On May 31, 2012, the Court recommitted the part of the F&R recommending a reduction in attorneys' fees for work deemed excessive, redundant, or otherwise unnecessary to the Magistrate Judge for further consideration. (Doc. No. 126.)

The Magistrate Judge subsequently issued a Supplement To Findings And Recommendation To Grant In Part And Deny In Part Plaintiff Painsolvers' Inc's Motion For Attorney's Fees And Costs on June 19, 2012. (Doc. No. 127, hereinafter the "Supplement.") In the Supplement, the Magistrate Judge elaborated on the reasons for his recommended reduction of 325.2 hours for Plaintiff's counsel's work that was deemed excessive, redundant, or otherwise

---

[2/] On March 1, 2012, Defendant moved to withdraw its Motion for Attorneys' Fees and Costs filed on December 28, 2011. (See Doc. Nos. 120, 121.) On March 2, 2012, Defendants' motion was terminated.

unnecessary.  Id. at 12.  The Magistrate Judge also stated that the Supplement did not reopen the objection period normally authorized by Local Rule 74.2, reasoning that the Supplement solely addressed the concerns raised by the Court in its recommital order and did not change the Magistrate Judge's initial recommendation.  Id. at 12-13.

Following careful review of the Supplement, on June 28, 2012, the Court issued an Order Adopting, As Supplemented, The Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs.  (Doc. No. 128, hereinafter the "June 28, 2012 Order.")  In the order, the Court advised: "Should the parties believe that the Court's basis for the 325.2 hour reduction for excessive, duplicative, or unnecessary billing is inappropriate, following the Magistrate Judge's supplemental review, the parties may file a motion for reconsideration." (Order Adopting F&R as Supplemented at 30 n.17.)

On July 3, 2012, counsel for Plaintiff filed a Motion for Reconsideration of the June 28, 2012 Order.  (Doc. No. 129.) Defendant filed an opposition memorandum on July 19, 2012.  (Doc. No. 131.)  Plaintiff subsequently filed a reply in support of its Motion for Reconsideration on July 23, 2012.  (Doc. No. 132.) The Court issued an Order Granting Plaintiff Painsolvers, Inc.'s Motion for Reconsideration on July 31, 2012.  (Doc. No. 133, hereinafter the "Order Granting Reconsideration.")  The Court granted Plaintiff's motion to the extent that it sought an

opportunity to object to new bases or reasoning set forth in the Magistrate Judge's supplement with respect to the recommended reduction of 325.2 hours from Plaintiff's attorney's fee request. Id. at 6. The Court provided the parties with 14 (fourteen) days from the date of the order to file objections to the Supplement. Id. at 1.

On August 13, 2012, Plaintiff filed an objection to the Supplement. (Doc. No. 134, "Plaintiff's Objection.") Defendant later filed an untimely "response," on August 27, 2012. (Doc. No. 135, "Defendant's Response.")[3] The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(e).

## II. STANDARD OF REVIEW

**Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is

---

[3] The Court will consider Defendant's response although it was filed after the 14-day period set by the Court in its Order Granting Reconsideration.

-4-

satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

### III.  DISCUSSION

Plaintiff has filed six objections to the Supplement: (1) the Supplement did not consider or base its decision on the proceedings, including a 1,694-plus page record; (2) the proportionality of fees in Hawaii's Chapter 431 cases violates the strong judicial policy that favors settlements; (3) the proportionality of fees is not authorized by Hawaii's Chapter 431 and if ordered should be prospective only because settlement is not a "limited success"; (4) the Supplement did not correctly apprehend the research entries in its statistical sampling; (5) the Supplement erred in determining the labels used for research; and (6) the Supplement erred in appraising the use of exhibits for the Motion for Summary Judgment.[4/]  (See generally

---

[4/] A detailed discussion of the Supplement is set forth in
(continued...)

Plaintiff's Objection)

Generally, the Court agrees with Defendant that Plaintiff, by way of his latest Objection, is attempting a repetitive bite at the apple, and largely rehashing and repackaging arguments that were previously considered by the Court. (See Defendant's Response at 2.)[5/] Moreover, the Court observes that despite its explicit direction to the parties to limit objections to the new grounds for the 325.2 hour reduction as set forth in the Supplement, Plaintiff offers the Court various arguments that are not so limited. Nevertheless, the Court considers de novo Plaintiff's objections to the extent they apply to the issues raised in the Supplement, as well as the arguments set forth in Defendant's Response.

1. **The Magistrate Judge's Consideration of the 1,694-Plus Page Record**

Plaintiff argues that the Magistrate Judge erroneously overlooked the qualities and quantity of the 1,694-page record, and instead based his assumption of the time needed to research legal issues upon a review of samples from a 47-page time sheet. (Plaintiff's Objection at 5.) Recognizing the courts'

---

[4/] (...continued) the Court's June 28, 2012 Order, and is not restated herein. (See June 28, 2012 Order at 29-30.)

[5/] For example, the Court already considered Plaintiff's counsel's argument with respect to his research of the Bernhardt case, and his attempt at a "tutorial on legal research," ad nauseum in his earlier filing. (See Mot. for Recon. at 7-8; see also Defendant's Response at 6.)

frustration with the tedium involved in fee motions, Plaintiff asserts that such frustration "should be rightly directed at State Farm, who failed to provide the Court with the specificity mandated by LR 54.3(f)." Id. at 7.

The Court agrees with Defendant that the Magistrate Judge did in fact take into account the entirety of the record and is intimately familiar with the same. (See Defendant's Response at 5-6.) It would be impractical, if not nearly impossible, for the Magistrate Judge to review every page of a 1,694-page record, rather than relying upon Plaintiff's counsel's own detailed description of the work for which he is requesting attorney's fees. Plaintiff has provided the Court with no statutory or case law support, and the Court is aware of no such precedent. The Court concludes that the Magistrate Judge's careful review of the time entries was far from a "drive-by" appraisal of the fees requested, and was in fact an appropriate methodology to be applied in determining attorney's fees based upon a voluminous record.

In his first objection, Plaintiff also rehashes his earlier arguments with respect to the Magistrate Judge's alleged failure to grasp the depth and complexity of his research and writing efforts. (See Plaintiff's Objection at 8-11.) Plaintiff's counsel "wants it both ways," claiming entitlement to a $280 hourly rate as a seasoned attorney while contending that drafting an unfiled opposition to a motion for summary judgment requires 152.9 hours. (See Defendant's Response at 5.) Indeed,

the Court agrees with the Magistrate Judge that "[i]t would be excessive for even a recent law school graduate to expend 3.3 hours researching summary judgment standards and FRCP 56(f)," let alone a seasoned attorney billing at an hourly rate of $280. (Supp. at 6 n.2.)  Moreover, the Court observes that the practices cited by Plaintiff in support of his excessive attorney's fee request, such as Shepardizing cases and reviewing statutory annotations, are tasks that should be implemented by any competent attorney; not evidence that Mr. Shaw has gone above and beyond and is entitled to exorbitant compensation for his work.

As the Magistrate Judge correctly stated in the Supplement, "no item-by-item accounting of the hours disallowed is necessary or desirable."  (Supp. at 3 (citing In re "Agent Orange Product Liability Litig., 818 F.2d 226, 237-38 (2d Cir. 1987).)  Such an accounting would be inefficient and would impose an unreasonable burden on the Court.  Indeed, as set forth in the Supplement, the Court of Appeals for the Ninth Circuit has held that "[d]espite the 'concise but clear' requirement, in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request."  (Supp. at 4 (citing Agent Orange, 818 F.2d at 237-38).)  The Court concludes that the Supplement satisfies the standard set forth in Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008), providing a

"specific articulation of the court's reasoning." Id.; see also Supp. at 8-10. Accordingly, the Court concludes that Plaintiff's first objection is unpersuasive and does not establish grounds to reject or recommit the Magistrate Judge's findings and recommendation set forth in the Supplement.

## 2. Proportionality of Fees Violates the Strong Judicial Policy that Favors Settlements

Plaintiff also objects to the Supplement on the grounds that it inappropriately punished Plaintiff because the amount of settlement was less than the total amount claimed, allegedly contravening the Ninth Circuit's strong judicial policy in favor of settlement. (See Plaintiff's Objection at 11-12 (citing Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).) The Court need not reach this issue, which was not addressed in the initial Findings and Recommendation, because it is an alternative basis for the Magistrate Judge's sound finding that the reduction for excessive hours was warranted because "the bottom line is that a far greater amount of time was spent on a wide[r] range of tasks than necessary . . . ." (Supp. at 11.)

Nevertheless, the Court observes, as Defendant correctly notes in its Response, that "in determining the reasonableness of a request for attorney's fees, a court examines a variety of factors, including 'the amount involved in the controversy and the benefits resulting to the client from the services.'" (Defendant's Response at 8-9 (citing First Ins. Co.

of Hawaii v. Dayoan, 124 Haw. 426, 246 P.2d 358 (Haw. App. 2010).) The case cited by Plaintiff, Matter of Magoon's Estate, sets forth the policy basis for ensuring that a person who has settled an action does not face the hazard of having the settlement proved in a subsequent trial, and does not address attorney's fees. See 58 Haw. 345, 355 (Haw. 1977).[6/]

### 3. Proportionality of Fees is Not Authorized by Hawaii's Chapter 431

Plaintiff's third objection asserts that proportionality of fees is not authorized by Hawaii's Chapter 431, and if ordered should be prospective only. (Plaintiff's Objection at 13-25.) Once again, Plaintiff relies upon one statement in the Supplement that is an alternative basis for the fee reduction, namely Magistrate Judge Chang's statement that, "the reduction is also justified because the settlement amount was minimal compared to the fees incurred by Plaintiff." (Supp. at 11; see also Plaintiff's Objection at 13-25.) Plaintiff contends that, "[i]t must be recognized that the Court erroneously treated the settlement amount as equal to damages in its cursory review." (Plaintiff's Objection at 13.) Plaintiff asserts that Hawaii law permits reduction in attorney's fees "based solely on whether the claims involved were 'unreasonable,

---

[6/] Moreover, despite his assertion to the contrary, Mr. Shaw has not "established" private judicial rights of action against insurers for violations of HRS § 431:10C-304.

fraudulent, excessive, or frivolous.'" Id. at 15 (citing Iaea v. TIG Ins., 104 Haw. at 379-90).

Plaintiff's contention that an attorney is entitled to a blank check so long as the claims involved were not unreasonable, fraudulent, excessive, or frivolous, is misguided at best.  To follow this argument to its natural conclusion, the Court would be required to rubber-stamp any request for attorney's fees in a PIP case where the claims were reasonable, whether or not the requested hourly rate were $2,000, or the attorney claimed entitlement for 17 hours spent on researching the standard for a motion to dismiss.  Indeed, Iaea v. TIG Insurance Co. stands for the proposition that attorneys are not entitled to attorney's fees when the PIP claims involved were unreasonable, fraudulent, excessive, or frivolous, but it does not foreclose a court's ability to reduce attorney's fees in connection with the widely used and well-established lodestar calculation.  104 Haw. 375 (Haw. Ct. App. 2004.)

Further, Plaintiff's reliance on Ganiron v. HIG is misplaced.  See 69 Haw. 432, 436 (1987).  In Ganiron, the Supreme Court of Hawaii considered a case wherein "the court below entered an order reducing what it found to be the reasonable attorney's fees to 55%," and held that the court was not authorized to reduce the attorney's fees already deemed to be reasonable based upon whether the question of insurance coverage was a difficult or close one.  Id.; see also Defendant's Response at 8.  In the instant motion, the Magistrate Judge issued a

recommendation as to the initial reasonableness of the fees, not a reduction in fees already deemed to be reasonable.[7]

Although Plaintiff spends a great deal of time in its Supplement arguing that there is no authority to allow proportionality of fees, the Court reiterates that the Supplement repeatedly expresses that its main basis for the reduction of 325.2 hours is the excessive nature of Mr. Shaw's claimed fees, separate and apart from the settlement amount or any comparison therein. The Court's decision to reduce Plaintiff's attorney's fees due to excessive and duplicative attorney work in no way impacts the Hawaii Supreme Court's sound policy that the law should favor settlement. (See Plaintiff's Objection at 18.)[8]

---

[7] Defendant correctly notes that "the question presented here is: What is reasonable?" Defendant's Response at 5.

[8] The Court also disagrees with Plaintiff's counsel's characterization of his own work as dealing a "block-busting body-blow" to the insurance industry and lobbyists. (P's Objection at 25.) As Defendant notes in its Reply, Plaintiff's counsel did not achieve a "blue-ribbon" or game changing result in the underlying action. (See Defendant's Response at 7.) Defendant never disputed Plaintiff's right to bring a judicial action fo the recovery of PIP benefits pursuant to Haw. Rev. Stat. § 431:10C-304, and at least one Hawaii court previously recognized that a no-fault insured may choose an administrative, arbitral or judicial forum to contest the denial of a claim. Moss. v. American Int'l Adjustment Co., Inc., 86 Haw. 59, 62 (Haw. 1997). In any event, the Magistrate Judge properly recommended a reduction in hours for reasons wholly unrelated to Mr. Shaw's allegedly groundbreaking legal work, citing specific examples of tasks that could have been performed by a non-attorney and research projects that should have taken a seasoned attorney far less time than the hours claimed.

### 4. The Magistrate Judge's Alleged Failure to Apprehend the Research Entries in its Statistical Sampling

Plaintiff's fourth objection centers upon the Magistrate Judge's allegedly unreliable and erroneous methodology employed in sampling entries from the 47 pages of time entries to determine a recommended reduction of 325.2 hours in attorney's fees. (See Plaintiff's Objection at 26.) Specifically, Plaintiff asserts that nothing in the methodology employed attested to its reliability or similarity as to the un-sampled tasks. Id. Plaintiff provides no case law support, and the Court is not aware of any, that prohibits sampling as a reasonable method in line with the lodestar factors to permit the court to pore over hundreds or thousands of time entries. In addition, as noted supra, Magistrate Judge Chang was intimately familiar with the issues raised and record developed in this case. The Court finds Plaintiff's objection to the reduction of 325.2 hours based upon sampling to be without merit.

### 5. The Labels Used for Research

Plaintiff also objects to the Magistrate Judge's methodology because Magistrate Judge Chang allegedly required Plaintiff to provide more detail than is sufficient in the Ninth Circuit. (Plaintiff's Objection at 27 (citing United Steelworkers of America v. Ret. Income Plan for Hourly-rated Employees of Asarco, Inc., 512 F.3d 555, 556 (9th Cir. 2008).)

Specifically, Plaintiff asserts that attorneys in this circuit are "not required to record in great detail how each minute of their time was expended," and instead need only keep records that provide sufficient detail for a neutral judge to fairly evaluate the fee request.  Id.  Plaintiff contends that the Magistrate Judge erroneously failed to take into account the many steps and time involved in researching legal issues when he evaluated Plaintiff's attorney's fee request.

The Court finds this argument to be unpersuasive.  Just as Mr. Shaw was not required to expend unnecessary hours documenting every single instance of Shepardizing a case when he prepared his fee request, the Magistrate Judge was not required to waste limited judicial resources writing a repetitive, tediously long findings and recommendation in which he affirmed and reaffirmed his awareness of the many steps involved in standard legal research and writing.  The Magistrate Judge made a sound recommendation to reduce Plaintiff's counsel's attorney's fee award by 325.2 hours in light of his intimate familiarity not only with the case, but also with the amount of time a seasoned attorney should reasonably expend in performing tasks such as legal research and writing.

### 6. Appraisal of the Use of Exhibits for the Motion for Summary Judgment

Finally, Plaintiff alleges that the Magistrate Judge erred in appraising the nature of the record.  (Plaintiff's

Objection at 28.)  Specifically, Plaintiff asserts that its Motion for Summary Judgment declaration, which was 73 pages in length, had to be matched, reviewed and analyzed by an attorney with medical billing litigation experience and coding certification, and was not a non-attorney task.  Id. at 28.

The Court observes that the Magistrate Judge's analysis of this issue sets forth more than 20 examples of entries related to Plaintiff's summary judgment motion that were deemed excessive, some of which clearly involved work that could and should have been performed by a non-attorney based upon the description provided.  For example, Mr. Shaw billed 1.3 hours to "mark the exhibit numbers on each page on the darker original set."  (See Supp. at 9.)  Furthermore, the recommended reduction of 325.2 hours was based only in part on the Magistrate Judge's finding that some entries described non-attorney work:  "Indeed, certain of these tasks could be completed by a non-attorney."  (Supp. at 11 (emphasis added).)  The fundamental basis for the Magistrate Judge's recommended reductions with respect to Plaintiff's preparation for the motion for summary judgment was as follows:  "[t]he bottom line is that a far greater amount of time was spent on a wide range of tasks than necessary and the Court trimmed Mr. Shaw's hours accordingly."  Id.  Upon de novo review, the Court agrees.

**7.   Leave to Move for Additional Attorney's Fees**

Plaintiff requests leave to file a supplemental declaration or motion in support of its request for attorney's fees and costs associated with the objections and replies to the F&R and the Supplement. (Plaintiff's Objection at 28-29.) Pursuant to Local Rule 54.3, the Court directs Plaintiff to file and serve any motion for an award of attorneys' fees and related non-taxable expenses within fourteen (14) days of the date of this Order.

## IV.   CONCLUSION

For the foregoing reasons, the Court: (1) REAFFIRMS its June 28, 2012 Order Adopting, As Supplemented, the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs; and (2) ADOPTS the Supplement. The Court directs the parties to file any motions for additional attorney's fees with the Magistrate Judge within 14 (fourteen) days of the date of this Order.

IT IS SO ORDERED

Dated:  Honolulu, Hawaii, September 24, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC: Order Reaffirming the June 28, 2012 Order Adopting the Magistrate Judge's Findings And Recommendation, As Supplemented, To Grant In Part And Deny In Part Plaintiff Painsolvers, Inc.'s Motion For Attorney's Fees And Costs, and Adopting the Supplement.