IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAINSOLVERS, INC., | ) CIVIL NO. 09-00429 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF PAINSOLVERS, |
| | ) INC.'S MOTION FOR |
| STATE FARM MUTUAL | ) ATTORNEY'S FEES AND COSTS |
| AUTOMOBILE INSURANCE | ) [DOC. NO. 137] |
| COMPANY, An Entity Form | ) |
| Unknown; DOES 1-30, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF PAINSOLVERS, INC.'S MOTION FOR
ATTORNEY'S FEES AND COSTS [DOC. NO. 137]

Before the Court is Plaintiff Painsolvers, Inc.'s ("Plaintiff") Motion for Attorney's Fees and Costs ("Motion"), filed October 5, 2012. That same day, Plaintiff filed a Statement of Consultation. On October 19, 2012, Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed an Opposition. Plaintiff filed a Reply on November 1, 2012.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the disposition of the instant Motion.

On January 22, 2010, the district court issued an Order (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss Counts One Through Six and Count Nine of the First Amended Complaint and (2) Denying Plaintiff's Cross Motion for Summary Judgment and Adjudication of Preliminary Injunction.

On August 6, 2010, the district court issued an Order (1) Denying Plaintiff's Motion for Summary Judgment, (2) Determining Facts Not at Issue Pursuant to Rule 56(d), (3) Denying Plaintiff's Motion for Leave to File a Supplemental Declaration, and (4) Granting

Defendant's Counter Motion for Summary Judgment.

On October 6, 2011, the Court held a settlement on the record. Pursuant to the Release, Settlement, and Indemnification Agreement, Defendant paid consideration of $10,000.00. In return, Plaintiff agreed to release all claims against Defendant related to this lawsuit with the exception of its claim for attorneys' fees and costs pursuant to Hawaii law. Reply, Ex. C at ¶ 3.

On November 23, 2011, Plaintiff filed a Motion for Attorney's Fees and Costs. On December 8, 2011, this Court issued a Findings and Recommendation to Deny Without Prejudice Plaintiff Painsolvers, Inc.'s Motion for Attorneys' Fees and Costs ("F&R #1"), because Plaintiff failed to file a statement of consultation.

On December 8, 2011, Plaintiff filed another Motion for Attorneys' Fees and Costs, along with a statement of consultation.

On December 21, 2011, the parties stipulated to extend the briefing schedule on the motion for fees and costs.

On December 28, 2011, Defendant filed a Counter Motion for Attorneys' Fees and Costs.

On February 28, 2012, this Court issued 1) a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorneys' Fees and Costs ("F&R #2") and 2) a Findings and Recommendation to Deny Defendant State Farm Mutual Automobile Insurance Company's Counter Motion for Attorneys' Fees and Costs.[1]  Both parties filed objections to the F&R #2.

On May 31, 2012, the district court issued an Order Recommitting the Part of the Findings and Recommendation that Recommends a Reduction in Attorneys' Fees for Work Deemed Excessive, Redundant, or Otherwise Unnecessary to the Magistrate Judge for Further Consideration in Line With This Order.  On June 19, 2012, this Court issued a Supplement to its F&R #2 to address the foregoing Order.  On June 28, 2012, the district court issued an Order Adopting, as

---

[1] Defendant subsequently withdrew its Counter Motion.

Supplemented, the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs.

On July 3, 2012, Plaintiff filed a Motion for Reconsideration of the Supplement to F&R #2.  On July 31, 2012, the district court issued an Order Granting the Motion for Reconsideration, which granted the parties leave to file objections to the Supplement to F&R #2.

On August 13, 2012, Plaintiff filed an Objection to the Supplement to F&R #2.  On September 24, 2012, the district court issued an Order Reaffirming the June 28, 2012 Order Adopting the Magistrate Judge's Findings and Recommendation, as Supplemented, to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fee and Costs, and Adopting the Supplement, wherein the court directed the parties to file any additional motions for attorneys' fees within 14 days of the date

of the order.

The present Motion followed.

## DISCUSSION

By way of this Motion, Plaintiff seeks an additional \$31,547.61 in attorneys' fees[2] and \$27.24 in costs.  Plaintiff argues that it is entitled to these fees and costs pursuant to Hawaii Revised Statutes ("HRS") §§ 431:10C-211 and 431:10C-304.  Defendant contends that Plaintiff has not prevailed with respect to its efforts to challenge this Court's F&R #2.  Defendant asserts that none of the fees and costs claimed by Plaintiff were incurred to effect the payment of PIP benefits.  The Court agrees.

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as

---

[2] Plaintiff also requests \$791.62 in fees for time expended in connection with the Reply.

damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

> HRS § 431:10C-211 states, in pertinent part:
>
> (a) A person making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive, or frivolous. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

Haw. Rev. Stat. § 431:10C-211(a). This section, which is discretionary, "confers upon an insured the right to seek attorneys' fees regardless of whether the insured prevailed on his or her claims, except when the claim is unreasonable, fraudulent, excessive, or frivolous." Enoka v. AIG Haw. Ins. Co., Inc., 109 Hawai'i 537, 560, 128 P.3d 850, 873 (2006); State Farm Mut. Auto. Ins.

<u>Co. v. Indus. Pharmacy Mgmt., LLC</u>, Civil No. 09-00176 ACK-KSC, 2009 WL 2448474, at *6 (D. Haw. Aug. 11, 2009) ("H.R.S. § 431:10C-211(a) (the 'discretionary provision'), allows for attorney's fees in the discretion of the court or Commissioner, regardless of whether a party actually prevails in its action against the insurer.").

Contrastingly, HRS § 431:10C-304(5), which pertains to parties who prevail against insurers, is a mandatory provision, and provides:

> (5) No part of personal injury protection benefits paid shall be applied in any manner as attorney's fees in the case of injury or death for which the benefits are paid. The insurer shall pay, subject to section 431:10C-211, in addition to the personal injury protection benefits due, **all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract.** Any contract in violation of this provision shall be illegal and unenforceable. It shall constitute an unlawful and unethical act for any attorney to solicit, enter into, or knowingly accept benefits under any contract;

Haw. Rev. Stat. § 431:10C-304(5) (emphasis added); <u>see</u>

also <u>Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 685 F. Supp. 2d 1123, 1134 (D. Haw. 2010) (recognizing that an award of attorneys' fees and costs is mandatory under HRS § 431:10C-304(5) if a claimant prevails in a settlement or suit for PIP benefits) (citations omitted). Construing these provisions in accordance with principles of statutory construction, the Intermediate Court of Appeals of Hawaii has held that

> (1) an award of attorney's fees and costs is mandatory if a claimant prevails in a settlement or suit for no-fault benefits; and (2) an award of attorney's fees and costs may, in the exercise of a court's or the Commissioner's discretion, be awarded to a nonprevailing claimant, as long as the claim is not determined to be unreasonable, fraudulent, excessive, or frivolous.

<u>Iaea v. TIG Ins. Co.</u>, 104 Hawai'i 375, 379, 90 P.3d 267, 271 (Haw. Ct. App. 2004).

Plaintiff is not entitled to fees or costs pursuant to either HRS §§ 431:10C-211(a) or 431:10C-304(5). None of the requested fees or costs were necessary to effect the payment of PIP benefits.

Moreover, exercising its discretion, the Court declines to recommend an award under HRS §§ 431:10C-211(a). The excessive number of filings, motions, and objections that have been filed since the issuance of the F&R #2 related solely to the issue of attorneys' fees and costs, not the substantive litigation.

Plaintiff should not be rewarded for its unreasonable and futile attempt to increase an already sizeable fee award. As detailed in the lengthy procedural history in the Background section, Plaintiff's actions have protracted a straightforward attorneys' fees issue into a nearly one-year long proceeding. Indeed, approximately 33 documents of the 140 documents filed in this case to date relate to Plaintiff's request for fees and costs. It would be patently unfair to reward Plaintiff for exhausting every objection, appeal, and reconsideration option available to him, and arguing for additional opportunities, when its bases for challenging this Court and the district court's F&Rs and orders were

questionable, and ultimately, non-meritorious.  Even exceptionally difficult cases with numerous parties rarely involve the excessive degree of litigation seen here with respect to the attorneys' fees and costs issue.

For these reasons, the Court recommends that Plaintiff's request for additional fees and costs be denied.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 137), filed October 5, 2012, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 2, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00429 PAINSOLVERS, INC. V. STATE FARM MUT. AUTO. INS. CO.; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF PAINSOLVERS, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS