IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAINSOLVERS, INC.,  )<br>  )<br>  )<br>     Plaintiff,  )<br>  )<br>     vs.  )<br>  )<br>STATE FARM MUTUAL  )<br>AUTOMOBILE INSURANCE  )<br>COMPANY, An Entity Form  )<br>Unknown; DOES 1-30,  )<br>  )<br>  )<br>     Defendants.  )<br>_____ ) | CIV. NO.  09-00429 ACK-KSC |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 2, 2012 FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF PAINSOLVERS, INC.'S MOTION FOR ADDITIONAL ATTORNEY'S FEES AND COSTS**

I.  BACKGROUND[1/]

As the parties are familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court.  On December 8, 2011, following settlement of $10,000 with defendant State Farm Mutual Automobile Insurance Company ("Defendant"), Plaintiff Painsolvers, Inc. ("Plaintiff") filed a Motion for Attorney's Fees and Costs (Doc. No. 109), as well as a Statement of Consultation (Doc. No. 110).

---

[1/] The facts as recited in this order are for the purpose of resolving the instant Findings and Recommendation and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

-1-

On December 28, 2011, Defendant filed a Counter Motion for Attorneys' Fees and Costs[2/] and Opposition to the Motion. (Doc. No. 112.) Plaintiff filed a Reply on January 11, 2012. (Doc. No. 115.)

On February 28, 2012, upon review of the parties' submissions and application of the relevant case law, Magistrate Judge Chang issued a Findings and Recommendation that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded $131,180.68 in attorneys' fees and tax (the "F&R"). Id. at 26. Both Plaintiff and Defendant filed objections to the F&R (see Doc. Nos. 122, 123), as well as responses to each other's objections (Doc. Nos. 124, 125). On May 31, 2012, the Court recommitted the part of the F&R recommending a reduction in attorneys' fees for work deemed excessive, redundant, or otherwise unnecessary to the Magistrate Judge for further consideration. (Doc. No. 126.)

The Magistrate Judge subsequently issued a Supplement To Findings And Recommendation To Grant In Part And Deny In Part Plaintiff Painsolvers' Inc's Motion For Attorney's Fees And Costs on June 19, 2012. (Doc. No. 127, hereinafter the "Supplement.") In the Supplement, the Magistrate Judge elaborated on the reasons for his recommended reduction of 325.2 hours for Plaintiff's counsel's work that was deemed excessive, redundant, or otherwise

---

[2/] On March 1, 2012, Defendant moved to withdraw its Motion for Attorneys' Fees and Costs filed on December 28, 2011. (See Doc. Nos. 120, 121.) On March 2, 2012, Defendants' motion was terminated.

unnecessary.  Id. at 12.  The Magistrate Judge also stated that the Supplement did not reopen the objection period normally authorized by Local Rule 74.2, reasoning that the Supplement solely addressed the concerns raised by the Court in its recommital order and did not change the Magistrate Judge's initial recommendation.  Id. at 12-13.

Following careful review of the Supplement, on June 28, 2012, the Court issued an Order Adopting, As Supplemented, The Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs.  (Doc. No. 128, hereinafter the "June 28, 2012 Order.")  In the order, the Court advised: "Should the parties believe that the Court's basis for the 325.2 hour reduction for excessive, duplicative, or unnecessary billing is inappropriate, following the Magistrate Judge's supplemental review, the parties may file a motion for reconsideration."  June 28, 2012 Order at 30 n.17.)

On July 3, 2012, counsel for Plaintiff filed a Motion for Reconsideration of the June 28, 2012 Order.  (Doc. No. 129.)  Defendant filed an opposition memorandum on July 19, 2012.  (Doc. No. 131.)  Plaintiff subsequently filed a reply in support of its Motion for Reconsideration on July 23, 2012.  (Doc. No. 132.)  The Court issued an Order Granting Plaintiff Painsolvers, Inc.'s Motion for Reconsideration on July 31, 2012.  (Doc. No. 133, hereinafter the "Order Granting Reconsideration.")  The Court granted Plaintiff's motion to the extent that it sought an

opportunity to object to new bases or reasoning set forth in the Magistrate Judge's supplement with respect to the recommended reduction of 325.2 hours from Plaintiff's attorney's fee request. Id. at 6. The Court provided the parties with 14 (fourteen) days from the date of the order to file objections to the Supplement. Id. at 1.

On August 13, 2012, Plaintiff filed an objection to the Supplement. (Doc. No. 134.) Defendant later filed an untimely "response," on August 27, 2012. (Doc. No. 135.)[3/] On September 24, 2012, the Court issued an Order Reaffirming the June 28, 2012 Order Adopting the Magistrate Judge's Findings and Recommendation, As Supplemented, to Grant in Part and Deny in Part Plaintiff Painsolvers, Inc's Motion for Attorney's Fees and Costs, and Adopting the Supplement. (Doc. No. 136, hereinafter the "September 24, 2012 Order.") Pursuant to the September 24, 2012 Order, the Court directed the parties to file any motions for additional attorney's fees with the Magistrate Judge within 14 (fourteen) dates of the date of that Order. Id. at 16.

On October 5, 2012, Plaintiff timely filed a Motion for Attorney Fees and Costs (Doc. No. 137), as well as a Statement of Consultation (Doc. No. 138). On October 19, 2012, Defendant filed a memorandum in opposition to Plaintiff's motion. (Doc. No. 139.) On November 2, 2012, Magistrate Judge Chang issued a

---

[3/] The Court will consider Defendant's response although it was filed after the 14-day period set by the Court in its Order Granting Reconsideration.

Findings and Recommendation to Deny Plaintiff Painsolvers, Inc.'s Motion for Attorney's Fees and Costs, (Doc. No. 141, hereinafter the "F&R.") Plaintiff timely filed an objection to the F&R on November 10, 2012. (Doc. No. 142, hereinafter the "Objection.") Defendant subsequently filed an untimely objection (captioned as a "Response") on November 23, 2012. (Doc. No. 143, hereinafter the "Response.") The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(e).

## II. STANDARD OF REVIEW

**Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those

portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).

### III.  DISCUSSION

In the F&R, the Magistrate Judge found that Plaintiffs had not prevailed with respect to its efforts to challenge the Magistrate Judge's F*R #2, nor were they claiming any fees or costs incurred to effect the payment of personal injury protection ("PIP") benefits. (F&R at 6.)  The Court concurs.  Further, the Magistrate Judge noted that under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." <u>Id.</u> (citing <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawaii 286, 305, 141 P.3d 459, 478 (2006).  In response to the F&R, Plaintiff has apparently filed three objections, which he has indicated based upon the page number on which the objected-to findings and/or recommendations appear:  (1) page 6 ¶ 2; (2) page 8 ¶ 3; and (3) pages 9-11. (Objection at 2.)  By way of his Motion, Plaintiff seeks an additional $31,547.61 in attorneys' fees and $27.24 in costs, as well as $791.62 in fees for time expended on the Reply. (<u>See</u> F&R at 6.)  The Court will review <u>de novo</u> each of the Magistrate Judge's findings to which Plaintiff has objected in the order in which Plaintiff presents them.

**A.     Objection to Page 6 ¶ 2**

Plaintiff's first challenge to the F&R is not entirely clear. Plaintiff asserts an objection to "Page 6 ¶ 2," a section of the F&R in which Magistrate Judge Chang states that a federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. See F&R at 6 (citing Farmers Ins. Exch. v. Law Office of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001)). However, Plaintiff clearly concedes in his Objection that "the Court applies state law in diversity cases . . . ." (Objection at 2.) Consequently, the Court concurs with the Magistrate Judge that a federal court sitting in diversity applies state law in determining whether a prevailing party is entitled to attorney's fees. See, e.g., Farmers Ins., 250 F.3d at 1236.

It is also possible that Plaintiff's first objection relates to the Magistrate Judge's statement commencing on page six and continuing onto page seven, wherein the F&R addresses the Hawaii statute providing for a discretionary award of attorney's fees. (See F&R at 6-7.) The Court addresses Plaintiff's counsel's general entitlement to attorney's fees under both the mandatory and discretionary Hawaii statutes below in Section III.B. & C.

**B. & C.     Objections to Page 8 ¶ 3; Pages 9-11**

The Court considers Plaintiff's Objections # 2 and 3 together because they appear to address similar if not identical findings in the F&R.

Inexplicably, Plaintiff's second challenge is to the third paragraph on Page 8 of the F&R; although that page contains no such paragraph.  Providing Plaintiff wide latitude, and considering Plaintiff's "description" of this objection (Objection at 2), the Court will construe this as a challenge to the Magistrate Judge's findings and recommendation with respect to whether Plaintiff's attorney is entitled to fees under H.R.S. § 431:10C-304(5) (the mandatory provision) and/or H.R.S. § 431:10C-211 (the discretionary provision), a topic which the Magistrate Judge discusses on the following pages.  For this reason, the Court considers Objection #2 in concert with Objection #3, wherein Plaintiff challenges the findings on pages 9-11 of the F&R.  (Objection at 2.)

In the Response, Defendant asserts that the Magistrate Judge correctly stated that Haw. Rev. Stat. § 431:10C-304(5) (the mandatory provision) "mandates an award only of those attorney's fees and costs of settlement or suit <u>necessary to effect the payment</u> of any or all personal injury protection benefits found due under the contract.  Plaintiff's claim for PIP benefits was settled nearly a year ago.  <u>None</u> of the fees and costs claimed by Plaintiff in the instant motion were incurred to effect the

-8-

payment of PIP benefits." (Response at 5)(Emphasis in the original). Defendant also argues that the Magistrate Judge correctly refused to reward Plaintiff's counsel for his "unreasonable and futile attempt to increase an already sizeable fee award . . . ." (Response at 2.) [

As the Court previously stated in its June 28, 2012 Order, there are two provisions under Hawaii insurance law that provide for an award of attorneys' fees to parties who bring actions against insurers for denial of PIP benefits. See State Farm Mut. Auto. Ins. Co. v. Indus. Pharm. Mgmt, LLC, Civ. No. 09-00176 ACK-KSC, 2009 WL 2448474, at *5 (D. Haw. Aug. 11, 2009). The first, which is mandatory, provides in relevant part:

> The insurer shall pay, subject to section 431:10C-211, in addition to the personal injury protection benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all personal injury protection benefits found due under the contract.

H.R.S. § 431:10C-304(5). The second applicable provision, which is discretionary, provides in relevant part:

> A person making a claim for personal injury protection benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive, or frivolous. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

H.R.S. § 431:10C-211(a). Pursuant to the second provision, a party is allowed an award of attorneys' fees in the discretion of

-9-

the commissioner or the court regardless of whether the party actually prevails in its action against an insurer.  State Farm, 2009 WL 2448474 at *6.

In its June 28, 2012 Order, the Court concluded that Plaintiff was entitled to recover attorneys' fees.  (See Doc. No. 136, reaffirming Doc. No. 128.)  First, the Court concluded that the plain text of the mandatory attorney's fee statute (H.R.S. § 431:10C-304(5)) suggested the legislature contemplated awarding attorneys' fees "not only after a party has been granted a favorable judgment, but also following settlement," noting that in the instant action Defendant had paid nine claims to Plaintiff as a result of the settlement.  (June 28, 2012 Order, at 20-12.)  Nevertheless, the Court determined that it need not reach that question of whether Plaintiff was entitled to attorney's fees under the mandatory provision because it concluded that Plaintiff was entitled to fees under the discretionary provision.  Id. at 21.[4/]  This decision was reaffirmed in the Court's September 24,

---

[4/] The Court noted that Hawaii courts have identified two requirements for a discretionary award of attorney's fees: "First, the discretionary provision 'requires that attorney's fees and costs be treated separately from the underlying no-fault [(PIP)] benefits and [be] paid by the insurer directly to the insured's attorney[]' . . . . Second, 'attorney's fees and costs awarded must be reasonable, based on actual time spent and not based on an unreasonable, excessive, frivolous or fraudulent claim.'"  June 28, 2012 Order at 21 (citing State Farm, 2009 WL 2448474 at *6 (citing Iaea, 104 Haw. at 379)).  In its June 28, 2012 Order, the Court agreed with the Magistrate Judge that "the record contains no finding that Plaintiff's claims were unreasonable, fraudulent, excessive, or frivolous."  Id.  The Court notes its decision to award Plaintiff reduced attorney's
(continued...)

2012 Order.

In the F&R, Magistrate Judge Chang concluded that Plaintiff is not entitled to his latest request for additional attorney's fees or costs pursuant to H.R.S. § 431:10C-304(5) (the mandatory provision) because "[n]one of the requested fees or costs were necessary to effect payment of PIP benefits." (F&R at 9)  Upon de novo review, the Court agrees.  H.R.S. § 431:10C-304(5) requires payment of "all attorney's fees and costs of settlement or suit <u>necessary to effect the payment of any or all personal injury protection benefits found due under the contract</u>" (emphasis added).  In the instant Motion, Plaintiff's fee request is one for "fees-on-fees," rather than attorney's fees and costs necessary to effect the payment of any PIP benefits. Accordingly, although the Court previously ruled that Plaintiff likely was entitled to attorney's fees under the mandatory provision for those services necessary to effect payment of the PIP benefits pursuant to the settlement agreement that the parties reached in December 2011; the Court concludes that in its quest for more attorney's fees than awarded by the Court, Plaintiff has not provided any services necessary to effect payment of such PIP benefits and accordingly is not entitled to additional attorney's fees for his work to recoup fees on fees.

---

⁴/ (...continued)
fees in its June 28, 2012 Order was based upon a finding that while the underlying <u>claims</u> were not unreasonable, fraudulent, excessive, or frivolous, Plaintiff's request for <u>attorney's fees</u> and costs nevertheless was unreasonable and excessive.

Turning to the discretionary statute, the Court concurs with the Magistrate Judge that Plaintiff should not be awarded additional attorney's fees for the unreasonable and "excessive number of filings, motions, and objections that have been filed since the issuance of the F&R #2 related solely to the issue of attorneys' fees and costs, not the substantive litigation." (F&R at 10.)[5/] With no persuasive case law support, Plaintiff's counsel appears to base his claim of entitlement to "fees on fees" on an assertion that the Court's failure to award him an additional $31,547.61 in attorney's fees and $27.24 in costs, as well as $791.62 in fees for time expended on the Reply, for work expended on his own repeated requests for attorneys' fees will somehow dilute or negatively impact the substantive body of Hawaii state insurance law. (See Plaintiff's Objection at 4-6.)

The fact that "Hawaii's motor vehicle accident reparations law[] is remedial," and that "the intent of Chapter

---

[5/] The Magistrate Judge also cited to and discussed the seminal Hawaii case of Iaea v. TIG Ins. Co., wherein the Intermediate Court of Appeals of Hawaii held that:

> (1) an award of attorney's fees and costs is mandatory if a claimant prevails in a settlement or suit for no-fault benefits; and (2) an award of attorney's fees and costs may, in the exercise of a court's or the Commissioner's discretion, be awarded to a nonprevailing claimant, as long as the claim is not determined to be unreasonable, fraudulent, excessive, or frivolous.

104 Hawaii 375, 379, 90 P.3d 267, 271 (Haw. Ct. App. 2004).

431 is to provide speedy and adequate protection to persons injured in motor vehicle accidents," does not support Plaintiff's argument for awarding massive additional attorney's fees for work spent on litigation solely involving fees rather than the substantive issues underlying this action.  The Court cannot draw a logical connection between the legislative intent animating substantive PIP law, and Plaintiff's attempt to collect exorbitant fees for his excessive and prolonged battle for additional attorney's fees.  Plaintiff provides no case law support that is on point with respect to PIP litigation, and concedes that Hawaii appellate decisions "are not yet on all fours regarding fees on fees in PIP cases . . . ." (Objection at 4.)  Further, neither of the two California cases cited by Plaintiff in support of his argument that the Court should award "fees on fees" involves PIP litigation or any aspect of Hawaii state insurance law.[6/]

As discussed above, Plaintiff is not entitled to attorney's fees under the mandatory statute, and the Court has determined that no discretionary award of attorney's fees is warranted as they are unreasonable and excessive. Further, the Court observes that Plaintiff's counsel has already been awarded $131,180.68 in fees for his work in reaching a settlement

---

[6/] Graham v. DaimlerChrysler Corp., 101 P.3d 140 (Cal. 2004) involves an action for breach of express warranty, and Knowledge Learning Corp. v. Nat'l Union Fire Ins. Co., Civ. No. 10-188-ST, 2011 U.S. Dist. LEXIS 57174 (D. Or. Apr. 19, 2011) involves an insurance dispute not involving PIP under Oregon state law.

agreement in connection with the underlying PIP litigation.

By denying Plaintiff's request for additional fees, the Court does not mean to suggest that fees on fees may never be obtained in a PIP litigation.  Rather, the Court makes a limited finding that in this particular litigation, Plaintiff's counsel is not entitled to an additional $31,547.61 in attorney's fees[7/] and $27.24 in costs, when his "bases for challenging . . . the [] F&Rs and orders were questionable, and ultimately, non-meritorious," as well as being unreasonable and excessive.  (See F&R at 10-11.)[8/]

The Court finds no clear error with respect to the other findings in the F&R to which neither party has objected.

---

[7/] Plaintiff also seeks an additional $791.62 in fees for time expended on the Reply.  (See F&R at 6.)

[8/] Although Plaintiff's Objection is generally difficult to decipher, the Court observes that Plaintiff appears to also challenge the Magistrate judge's alleged failure to recognize Plaintiff's contention that "the rules and unique procedure in Federal District Court increased the expense and delay involved, as well as the number of pleadings . . ." which purportedly justify additional attorney's fees.  (Objection at 2-3.)  To the extent this is one of Plaintiff's formal objections to the F&R, the Court concludes that the Magistrate Judge did not err in failing to award fees due to the alleged increased expense and delay involved because this matter involve "rules and unique procedures" of federal district courts.  This is a reality that each and every attorney faces when practicing before the district court, and it is not a valid basis for an award of thousands of dollars in additional attorney's fees for a protracted legal battle wholly unrelated to the substance of the case.

## IV.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Magistrate Judge's November 2, 2012 Findings and Recommendation to Deny Plaintiff Painsolvers, Inc's Motion for Attorney's Fees and Costs.

IT IS SO ORDERED

Dated:  Honolulu, Hawai'i, December 21, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC: Order Adopting the Magistrate Judge's Findings And Recommendation to Deny Plaintiff Painsolvers, Inc.'s Motion For Attorney's Fees And Costs.